280 So.2d 15 (1973)
FLORIDA POWER & LIGHT COMPANY, Appellant,
v.
Ruth Mirmelli GILMAN, Appellee.
No. 73-346.
District Court of Appeal of Florida, Third District.
July 3, 1973.
*16 McCarthy, Steel, Hector & Davis, Miami, for appellant.
Louis Vernell, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PEARSON, Judge.
The appellee's complaint asking damages for personal injury was filed in October, 1970. The appellant filed its motion to dismiss for lack of prosecution on February 23, 1973. There is no question but that the record reflects no activity for one year prior to February 23, 1973. The trial judge denied the defendant's motion upon the basis that the plaintiff showed "good cause" in a written response to the motion to dismiss. See Rule 1.420(e), RCP, 30 F.S.A. This interlocutory appeal is brought from the order denying the motion. The appellee has failed to file a brief.
The plaintiff's response to defendant's motion to dismiss stated that the plaintiff had changed attorneys and the new attorney had moved his office and misplaced her file. A change of attorneys, even when made necessary by misfortune, is not good cause for failure to prosecute for one year. Gulf Appliance Distributors, Inc. v. Long, Fla. 1951, 53 So.2d 706; Miller v. Hartley's, Inc., Fla.App. 1957, 97 So.2d 211. An office error by the plaintiff's attorney and that attorney's inadvertent failure to prosecute is not such good cause as is contemplated by the rule. See Conklin v. Boyd, Fla.App. 1966, 189 So.2d 401.
The order denying the plaintiff's motion to dismiss is reversed and the cause is remanded with directions to grant the motion.
Reversed and remanded.