349 So.2d 824 (1977)
Leo HENZEL, Appellant,
v.
Edwin GOLSTEIN and S.W.F.P. Company, a Florida Corporation, Appellees.
No. 76-1165.
District Court of Appeal of Florida, Third District.
September 13, 1977.
*825 E.C. Watkins, Jr., Tampa, for appellant.
Hugh F. Quinn, South Miami, for appellees.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
By this appeal we are asked to review a trial court order dismissing an action for lack of prosecution. The appellant contends that he was given inadequate notice for the hearing on the appellee's motion to dismiss the action for lack of prosecution. We agree and reverse.
Fla.R.Civ.P. 1.420(e)[1] contemplates that a party should have sufficient notice for a hearing on an adverse motion to dismiss for lack of prosecution to allow him to file a written pleading no later than five working days[2] before such hearing showing good cause why the action should remain pending. In the instant case, the appellant had only one working day's notice prior to the hearing on the motion to dismiss, which notice was clearly inadequate. We, accordingly, reverse the order of dismissal and remand the cause to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] "All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute." Fla.R. Civ.P. 1.420(e).
[2] "In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday, or legal holiday in which event the period shall run until the end of the next day which is neither a Saturday, Sunday or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Fla.R.Civ.P. 1.090(a).