351 So.2d 744 (1977)
INDUSTRIAL TRUCKS OF FLORIDA, INC., Allis-Chalmers Corporation, Ernest Williams, Royal Crown Cola Company and Hartford Accident & Indemnity Company, Appellants,
v.
Roberto GONZALEZ, Appellee.
Nos. 77-1044, 77-1065 and 77-1144.
District Court of Appeal of Florida, Third District.
November 8, 1977.
Rehearing Denied November 30, 1977.
*746 Goodwin, Ryskamp, Welcher & Carrier and Kenneth L. Ryskamp, Miami, for Industrial Trucks.
Knight, Peters, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for Allis-Chalmers.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Kenneth J. Smith, Miami, for Williams, Royal Crown and Hartford, appellants.
Kaplan, Dorsey, Sicking & Hessen and Joseph Segor, Miami, for appellee.
Before HENDRY, C.J., and HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is an interlocutory appeal taken from an order denying a motion to dismiss for lack of prosecution under Fla.R.Civ.P. 1.420(e).
The sole issue presented for review is whether a plaintiff waives the implied notice requirement for a hearing on an adverse motion to dismiss for lack of prosecution under Fla.R.Civ.P. 1.420(e) when he files in writing at the time of said hearing his alleged good cause why the action should remain pending. We hold that such filing constitutes a waiver of the implied notice requirement under the above rule and reverse.
The record reveals that the plaintiff Roberto Gonzalez filed an action against the defendants, Ernest Williams, Royal Crown Cola Co., Hartford Accident and Indemnity Co., and Allis-Chalmers Corporation before the Dade County Circuit Court. Industrial Trucks of Florida, Inc. was later impleaded as a third party defendant.
On April 15, 1977, the defendant Allis-Chalmers and third party defendant Industrial Trucks of Florida filed a motion to dismiss the plaintiff's action for lack of prosecution and served the plaintiff by mail the same day. On April 19, 1977, the other defendants in the cause filed similar motions and served the plaintiff by mail the same day. There had been no activity in the cause for one year prior to the filing of the above motions to dismiss other than a notice of substitution of plaintiff's counsel and an order entered thereon.
On April 21, 1977, the motions to dismiss came on for hearing before the trial court. At the hearing, the plaintiff filed with the court a writing stating his alleged good cause why the action should remain pending. The asserted good cause for not properly prosecuting the action for a period of one year consisted of plaintiff's claimed "inadvertence."
The trial court, after hearing from all the parties on the motion to dismiss, took the matter under advisement. A week thereafter, the court entered a written order denying the motions to dismiss on the sole ground that the plaintiff was not given at least five days notice for the hearing on the motions to dismiss to enable the plaintiff to show cause in writing why the action should remain pending.
The law is clear that it is an abuse of discretion for a trial court to deny a motion to dismiss an action for lack of prosecution under Fla.R.Civ.P. 1.420(e)[1] where there has been no affirmative activity in the case for a period of one year preceding the filing of a motion to dismiss and good cause has not been shown as to why the action should remain pending.[2] *747 The filing of a notice of substitution of counsel and an order entered thereon does not constitute affirmative case activity to preclude such a dismissal.[3] Moreover, mere inadvertence or misimpressions and erroneous assumptions of plaintiff's counsel in not prosecuting a cause for a period of one year does not constitute good cause why the action should remain pending.[4]
In the instant case, it is undisputed that under the law there was no affirmative case activity for a period of one year preceding the filing of the motions to dismiss. Moreover, it is equally undisputed that the plaintiff failed to show good cause why the action should remain pending. Accordingly, the action was subject to dismissal by the trial court.
It is true that the plaintiff herein was given less than five days notice for the hearing on the motions to dismiss. It is also true that Fla.R.Civ.P. 1.420(e) contemplates that a party should have sufficient notice for such a hearing to allow him to file a written pleading no later than five days before such hearing showing good cause why the action should remain pending. Henzel v. Goldstein, 349 So.2d 824 (Fla.3d DCA 1977). This implied notice, however, may be waived when the contemplated written pleading showing good cause is in fact filed by the plaintiff prior to or at the hearing on the motion to dismiss. The very purpose of the implied notice requirement under Fla.R.Civ.P. 1.420(e) is to give the plaintiff sufficient time to enable him to file in writing his good cause why the action should remain pending. When he does in fact file such a written pleading before or at the hearing in question, he is hardly in any position to complain because of insufficient notice.
As a matter of fact, the plaintiff herein made no complaint at the trial level and makes no complaint in this court that he was given insufficient notice on the motions to dismiss. Instead, he argues that the defendants should be estopped from asserting their motions to dismiss because they delayed the cause prior to the onset of the one year period of inactivity preceding the motions to dismiss. Assuming this fact to be true, it would not excuse the subsequent one year of inactivity in the case. The critical determination is whether there has been any affirmative activity in the case, or good cause shown for the lack thereof, during the period of one year prior to the filing of the motions to dismiss. Delays prior to that one year period are irrelevant to this determination. Ace Delivery Service, Inc. v. Pickett, 274 So.2d 15 (Fla.2d DCA 1973).
In fairness to the trial judge, we might add that he acted in an understandable abundance of caution to protect the plaintiff's right to be heard on the merits of the cause, a policy which we find most commendable. Ordinarily, we would not disturb his exercise of discretion in this matter. See Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497 (Fla. 1963). Our review of the applicable law, however, convinces us that the procedural error herein was at best harmless to the plaintiff and that the motions to dismiss were otherwise well-taken.
The order appealed from is reversed and the cause remanded with directions to dismiss the action with prejudice for lack of prosecution.
NOTES
[1] "All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute."
[2] Koppers Co. v. Victoire Development Corp., 284 So.2d 193 (Fla. 1973); Metropolitan Transit Authority v. Porter, 328 So.2d 573 (Fla.3d DCA 1976); Crouse-Hinds Co. v. Capellia, 302 So.2d 800 (Fla.4th DCA 1974); Karkeet v. Snyder, 275 So.2d 302 (Fla.3d DCA 1973); Shalabey v. Memorial Hospital of the South Broward Hospital District, 253 So.2d 712, 715 (Fla.4th DCA 1971). See also Little v. Sullivan, 173 So.2d 135 (Fla. 1965); Equity Capital Co. v. 601 West 26 Corp., 223 So.2d 762 (Fla.3d DCA 1969); Landfield v. Sherman, 201 So.2d 819 (Fla.4th DCA 1967).
[3] St. Anne Airways Corp. v. Larotonda, 308 So.2d 129 (Fla.3d DCA 1975); Florida Power and Light Co. v. Gilman, 280 So.2d 15 (Fla.3d DCA 1973). See also Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951).
[4] Shanley v. Allen, 346 So.2d 548 (Fla.1st DCA 1976); Florida Power and Light Co. v. Gilman, 280 So.2d 15 (Fla.3d DCA 1973).