PER CURIAM.
This case is no stranger to the Court.[1] It is here today because of its dismissal for lack of prosecution. We affirm.
The relevant history centers on the time frame between July 15, 1976 and August 5, 1977. On the former date GEICO filed its response to a request to produce. There is a void in record activity until August 5, 1977 when, the defendants Floyd and Florida Coca Cola Bottling Company filed their motion to dismiss for lack of prosecution. GEICO responded by filing a notice for trial on September 6, 1977. Defendants’ motion for dismissal was heard and granted on September 7, 1977 and thereafter the trial court denied a petition for rehearing.
Appellant’s sole contention on appeal is that the trial court abused its discretion by not considering GEICO’s notice for trial which was filed after the motion to dismiss. We disagree. This very issue was considered by the Supreme Court in Chrysler Leasing Corporation v. Passacantilli, 259 So.2d 1, 4 (Fla.1972) where the court said:
(N)either the statute nor the rule contemplates that a party may show “prosecution” by filing a pleading after a motion to dismiss is made by the other side. The underlying purpose of the rule, (as of its predecessor, Fla.Stat. § 45.19, F.S.A.), is to expedite the course of litigation and keep dockets as nearly current as possible by penalizing those who would allow litigation to become stagnant. To permit a party to show “action” by filing a pleading subsequent to a motion to dismiss for want of prosecution would effectively emasculate the rule by eliminating its penalty aspect. A party could delay the progress of the action for an indefinite period of time in the knowledge that when his adversary moved to dismiss under the rule, he could prevent dismissal merely by filing some pleading, motion or affidavit. That is, a party could avoid dismissal in every case by acting after the motion was made, whether or not he had prosecuted the action during the previous year, or could show good cause for his failure to do so. The threat of dismissal would cease to have any real deterrent effect in terms of requiring a party to keep a case moving. (Citations omitted.)
Under Rule 1.420(e), Fla.R.Civ.P., the court is required to look back from the filing date of the motion to dismiss and first determine whether “ . . .it appears on the face of the record that no activity . . . has occurred for a period of one year '. ..” If a year-long void in record activity is found to exist, the cause shall be dismissed “ . . . unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending.” In the case at bar, the trial court was correct in directing its focus back from August 5, 1977, the filing date of defendants’ motion to dismiss, and in excluding GEI- *126 CO’s subsequently filed notice for trial. Accordingly, the order of dismissal is affirmed.
DOWNEY, JAMES C., HERSEY, GEORGE W., and HURLEY, DANIEL T. K., Associate Judges, concur.

. Government Employees Insurance Co. v. Wheelus, 270 So.2d 409 (Fla. 4th DCA 1972) and Government Employees Insurance Co. v. Wheelus, 319 So.2d 181 (Fla. 4th DCA 1975).