397 So.2d 399 (1981)
The BOEING COMPANY, a Foreign Corporation, Appellant,
v.
Jessee David MERCHANT and Flora Merchant, His Wife, Appellees.
No. 79-388.
District Court of Appeal of Florida, Fifth District.
April 22, 1981.
*400 James E. Glatt, Jr., of Gurney, Gurney & Handley, P.A., Orlando, for appellant.
Karl O. Koepke of Whitaker & Koepke, Orlando, for appellees.
ORFINGER, Judge.
Appellant was successful in obtaining an order dismissing the cause for lack of prosecution.[1] Appellees filed a motion for rehearing which was heard by another judge who determined that the first order was incorrect, so the motion for rehearing was granted, the first order was vacated, and the motion to dismiss for lack of prosecution was denied.
In this appeal from the non-final order, appellant contends that: (1) a successor judge has no authority to reverse, on rehearing, a final order entered by a prior judge on the same facts and issues; (2) in any event, the order dismissing the cause for lack of prosecution was correct. We agree on both points and reverse.
A chronology of events is important to an understanding of the issues. Attorney LaGrone, on behalf of appellees, filed an action for damages against appellant. Thereafter, the following appears of record:
May 8, 1978 Motion for LaGrone to withdraw as counsel.
May 23, 1978 Order substituting Attorney Hurt as counsel, relieving LaGrone.
September 7, 1978 Motion for Hurt to withdraw as counsel; notice of hearing.
September 15, 1978 Order relieving Hurt; no counsel substituted.
September 25, 1978 Lien of LaGrone filed.

*401 August 15, 1979 Sua sponte order of court setting hearing for October 5, 1979, to take appropriate action including dismissal without prejudice, as applicable.
September 24, 1979 Boeing motion to dismiss for failure to prosecute.
October 4, 1979 Notice of appearance of Attorney Koepke as counsel.
October 5, 1979 Order dismissing cause for failure to prosecute.
The sua sponte order of August 15, 1979 was a form order apparently used by the court to spur action,[2] and on September 24, 1979, it was followed by appellant's motion to dismiss for failure to prosecute. Judge Vann was the sitting judge on the date set for hearing and he entered an order dismissing the cause for failure to prosecute. Appellee's new counsel filed a motion for rehearing contending that the order was incorrectly entered and noticed this motion for hearing. Judge Vann was not available on the date of the hearing, so it was heard by another judge who entered the order appealed from.
When a final order has been rendered, a second judge may not redecide the same cause; "[i]t is not the function of one trial judge to review another's judgment." Davis v. Fisher, 391 So.2d 810 (Fla. 5th DCA 1980).
A petition for rehearing which merely presents the same matters to a subsequent judge will not allow modification of the original order. In Groover v. Walker, 88 So.2d 312 (Fla. 1956), the supreme court held
We take the proper rule to be that where a petition for rehearing, within its proper scope, presents a point which the chancellor overlooked or failed to consider, rendering a final decree inequitable or erroneous, then the successor chancellor, exercising the full jurisdiction of the court, may with propriety consider such petition and take such proper action upon it as could his predecessor who entered the decree. In such instances the successor's consideration of the case may be said to be in continuation of and supplemental to that of his predecessor. However, where the petition for rehearing merely reargues the case on points and facts found and considered in the prior hearing of the cause, then the petition for rehearing goes beyond its proper scope and it should be denied in any event, and if the chancellor who entered the decree has been succeeded, his successor is without authority on such basis to reverse his predecessor. .. . In such cases, the errors suggested by the petition are matters of review on appeal rather than rehearing by the successor judge.
88 So.2d at 314-315. Thus, for example, a successor judge may not grant a new trial on the grounds that his predecessor incorrectly determined the amount of damages; defendant must seek appellate review. Better Construction, Inc. v. Camacho Enterprises, Inc., 311 So.2d 766 (Fla. 3d DCA 1975).
Appellee attempts to characterize Judge Vann's October 5 dismissal as "interlocutory" because it does not state that the plaintiff "takes nothing" and defendant "go hence without day." A dismissal of a cause of action is a final disposition which will support an appeal, although a dismissal for want of prosecution which does not involve an adjudication of the merits is not res judicata of the controversy. Gibbs v. Trudeau, 283 So.2d 889, 890 (Fla. 1st DCA 1973).
It is an abuse of discretion for a trial court to deny a motion to dismiss for lack of prosecution under Florida Rule of Civil Procedure 1.420(e), where there has been no affirmative activity in the case for *402 a period of one year preceding the filing of the motion. Industrial Trucks of Florida v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977). The one-year period is determined by the filing date of the last action and the filing date of the action seeking dismissal. Shalabey v. Memorial Hospital of S. Broward Hospital District, 253 So.2d 712 (Fla. 4th DCA 1971). A court can initiate the action to dismiss under Rule 1.420(e); in determining the one-year period "it makes little difference whether an action to abate is commenced by a party or by the court." Id., at 714.
From the record before us, when the sua sponte order of the court was entered on August 15, 1979, advising that it would consider, among other things, a dismissal of the cause without prejudice, more than one year had elapsed with no record activity calculated to hasten the suit to judgment. Gulf Appliance Distributors v. Long, 53 So.2d 706 (Fla. 1951). The only activity shown on the record during that period was the substitution of counsel, which is not "activity" sufficient to preclude dismissal under Rule 1.420(e). Gulf Appliance Distributors v. Long; Industrial Trucks of Florida v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977). The filing of a charging lien by Attorney LaGrone similarly is not such action, nor is the sua sponte "prompting" order of the court, if we consider the motion to dismiss filed by appellant as the motion which prompted the order of dismissal.
The order appealed from is reversed with directions to reinstate the final order dismissing the cause for lack of prosecution.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] Fla.R.Civ.P. 1.420(e).
[2] Order rendered August 15, 1979:

This action will come on for hearing before the court on the 5 day of October, 1979, at 9:00 o'clock, A.M., at which time the Court will take appropriate action, including any of the following as applicable:
(1). Enter judgment, if on default.
(2). Hold Final Hearing, if uncontested.
(3). Dispose of pending motions.
(4). Schedule pending matters for hearing.
(5). Set for trial.
(6). Dismiss without prejudice.