PER CURIAM.
Appellant seeks review of an order dismissing its complaint to foreclosure a mechanics lien for failure to prosecute the cause for a period in excess of one year. We reverse.
It appears that appellant, an air conditioning contractor, sued appellees to foreclosure a mechanics lien (Circuit Court Case No. 75-4191). During the course of the suit, appellant filed a notice of voluntary dismissal pursuant to Fla.R.Civ.P. 1.420(e). Shortly thereafter, appellant filed a second suit to foreclose the mechanics lien (Circuit Court Case No. 76-2505). While this second suit was pending, appellees filed a motion in the first case for allowance of attorneys fees and costs, pursuant to Fla.R.Civ.P. 1.420(d). While that motion was pending, the trial court entered an order in this, the second case, staying the second case until the court in the first case entered an order on the motion for attorneys fees and costs and until the order had been complied with. Eventually, on December 16, 1977, the trial court entered an order in the first case awarding appellees attorneys fees and costs.
The matter of attorneys fees and costs was litigated in the voluntarily dismissed action at both the trial and appellate levels. Small v. Lowen Air Conditioning, Inc., 350 So.2d 13 (Fla. 4th DCA 1977). The appel-lees also sought attorneys fees on appeal *415 and were denied them by this Court on February 9, 1978. In the interim, the appellant moved the trial court to set the second case for trial. The appellees twice objected to the setting of a trial date because their attorneys fees and costs had not been determined in the first suit. Thus, the lower court entered its stay order in the second case on October 24, 1977.
On January 16, 1979, less than one year after the matter of attorneys fees and costs was finally resolved in the first case, appel-lees filed a motion to dismiss Circuit Court Case No. 76-2505 for lack of prosecution pursuant to Rule 1.420(e), on the grounds that the face of the record showed no activity by filing of pleadings, order of court, or otherwise, for a period of fourteen months. Appellant filed no response in writing before the hearing on the motion to dismiss. At the hearing on appellees’ motion, appellant argued, among other things, that this second case had been stayed by the order of October 24, 1977, which accounted for the lack, of prosecution. The trial court dismissed the cause and this appeal ensued.
Rule 1.420(e) requires the trial court to dismiss a cause where no activity appears on the face of the record for a period of one year unless the party moved against demonstrates in writing at least five days before the hearing on the motion to dismiss good cause for the absence of record activity. It does not suffice for counsel to file no written response and then argue good cause at the hearing. Shields v. Moore, 352 So.2d 139 (Fla. 4th DCA 1977). This is persuasive argument for affirmance; however, we cannot overlook the court’s order staying all proceedings. A party should not suffer dismissal of his cause of action on mere technicality when he has attempted to proceed, only to be faced with objection resulting in a court ordered stay.
Similarly, we are not impressed with the argument that our holding will allow a recalcitrant party to delay prosecution simply by failing to pay attorneys fees and costs in a related suit. In the first place, the question of liability for attorneys fees and costs was on appeal less than one year prior to appellees’ motion to dismiss. Secondly, the appellees could have sought relief from the trial court to compel payment within a time certain before moving to dismiss for failure to prosecute. This they did not do. In fact, they objected to appellant’s attempts to set the matter for trial without requesting such relief.
Although not raised by appellant, we note that appellees’ motion to dismiss was served upon appellants by mail on January 12, for a hearing on January 22. If mailing time is allowed pursuant to Fla.R.Civ.P. 1.090(e), there is hardly sufficient time to file good cause in writing not less than five days before the hearing.
In construing subsections (d) and (e) of Rule 1.420 together, we hold that when a second suit has been stayed awaiting assessment and payment of attorneys fees and costs by the plaintiff in the original case, and as a result of the stay pending assessment and payment of attorneys fees and costs, no record activity takes place in the second suit for over one year, the second suit is not subject to dismissal under Rule 1.420(e).
The trial court’s order of dismissal is reversed and this cause is remanded for further proceedings.
REVERSED and REMANDED.
DOWNEY, MOORE and HERSEY, JJ., concur.