426 So.2d 1155 (1983)
APPRAISAL GROUP, INC., Appellant,
v.
VISUAL COMMUNICATIONS, INC., Appellee.
No. 82-605.
District Court of Appeal of Florida, Third District.
February 8, 1983.
Erskine & Fleisher and Andrew D. Fleisher, Miami Beach, for appellant.
*1156 Michael J. Cohen and Soloman Zoberman, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and HENDRY and PEARSON, JJ.
PER CURIAM.
Neither the stipulation and order for substitution of counsel, Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981), pet. for rev. den., 412 So.2d 468 (Fla. 1982); Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So.2d 744 (Fla. 3d DCA 1977), nor nonrecord activity consisting of execution proceedings and attempted settlement negotiations, Carter v. DeCarion, 400 So.2d 521 (Fla. 3d DCA 1981), pet. for rev. den., 412 So.2d 464 (Fla. 1982); Tosar v. Sladek, 393 So.2d 61 (Fla. 3d DCA 1981); American Eastern Corp. v. Henry Blanton Inc., 382 So.2d 863 (Fla. 2d DCA 1980); Steisel v. Birnholz, 313 So.2d 125 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 14 (Fla. 1976), was sufficient to preclude a dismissal for lack of prosecution entered pursuant to Florida Rule of Civil Procedure 1.420(e). As the final default judgment of November 20, 1979 was set aside by the trial court's order dated May 7, 1980, and no good cause was presented to the court explaining why the action should remain pending, the trial court did not abuse its discretion in dismissing the action. See Douglas v. Eiriksson, 347 So.2d 1074 (Fla. 1st DCA), cert. denied, 353 So.2d 674 (Fla. 1977). Appellant's remaining contentions have been considered and found to be without merit. Therefore, the order under review is
AFFIRMED.