468 So.2d 494 (1985)
Lester F. RUDOLPH, Appellant,
v.
Robert H. CHASE, et al., Appellee.
No. 84-521.
District Court of Appeal of Florida, Fifth District.
May 9, 1985.
*495 Mark L. Horwitz of Mark L. Horwitz, P.A., Orlando, for appellant.
Frank Murphy of Landis, Graham, French, Husfeld, Sherman & Ford, Daytona Beach, for appellee American Home Assur. Co.
Carey N. Bos of Rogers, Dowling & Bos, Orlando, for appellee Anthony Mucci.
Michael A. Estes of Woolfolk & Estes, P.A., Orlando, for appellee Reserve Ins. Co.
Frederick J. Daniels of Driscoll, Langston, Kane & Hess, Orlando, for appellee William Zimmerman.
Michael A. Miller of Walker, Buckmaster, Miller & Ketcham, P.A., Orlando, for appellee Robert H. Chase.
DAUKSCH, Judge.
This is an appeal from an order dismissing a case for failure to prosecute. Rule 1.420(e), Fla.R.Civ.P.
It is correct that appellant failed to prosecute his case in a timely fashion as required by the rules of civil procedure and he failed to show any good cause for his delinquency. But it is also clear that he was not under the usual obligation to proceed because his case had been abated and removed from the active case docket, by order of court.
Appellant was represented by counsel and shortly before trial the lawyer was permitted to withdraw. The former attorney also asked that the scheduled trial be continued. The order entered by the trial judge reads in full:
THIS CAUSE having come on before me this 15th day of October, 1982, to be heard upon Motion for Continuance and the Court having considered same and being fully advised in the premises, it is thereupon
ORDERED AND ADJUDGED that the above-captioned case presently scheduled for trial the period beginning October 18, 1982 is abated until the filing of the Notice of Appearance of another attorney for the Plaintiff. The Clerk of Court is directed to remove this case from the active caseload.
DONE AND ORDERED in Chambers, Orange County, Orlando, Florida, this 18th day of October, 1982.
This is not an order continuing the case for trial. It is an order of abatement. It even directs the clerk to remove the case from the active case load. This latter portion of the order was handwritten. Appellant's assertion that the trial judge was the one who wrote it is unchallenged.
We find merit in appellees' argument that anyone should have realized the judge did not really mean to abate the case, but merely to continue it. Acknowledging the merit of the argument we still must take the order at its word. It says the case is abated, it removes it from the active case load. It does not continue it to the next trial period of any such thing. Appellant, then unrepresented by counsel, and subsequent counsel were entitled to take the order at face value.
The order is reversed and this cause remanded for further proceedings.
REVERSED.
SHARP, J., concurs.
COWART, J., dissents without opinion.