498 So.2d 655 (1986)
George BERENYI, et al., Appellants,
v.
HALIFAX HOSPITAL MEDICAL CENTER, et al., Appellees.
Nos. 85-1581, 85-1757.
District Court of Appeal of Florida, Fifth District.
December 11, 1986.
Kenneth R. Cate, Orlando, for appellants.
Robert K. Rouse, Jr., of Smith, Schoder and Rouse, P.A., Daytona Beach, for appellee Garner Emergency Physicians, P.A.
Alfred A. Green, Jr., Daytona Beach, for appellee Halifax Medical Center.
Herbert M. Hill and Tim Bendin, of Taraska, Hill and Grower, P.A., Orlando, for appellee Eisenberg, M.D.
ORFINGER, Judge.
In these consolidated appeals, appellants contend that the trial court erred in entering *656 the various orders dismissing the action against the defendants for lack of prosecution.[1] We affirm.
The only record activity which occurred during the one year period prior to the filing of the various motions to dismiss was an order permitting the plaintiff's attorney to withdraw, the pertinent part of which reads:
ORDERED AND ADJUDGED that the Motion for Leave to Withdraw be and the same is hereby granted. The Plaintiffs are granted a period of 45 days from the date of this Order within which to obtain additional counsel and this matter is stayed for that period of time.
If there is no appearance by counsel on behalf of the Plaintiffs within the 45 day period measured from the date of this Order any future correspondence and pleadings shall be directed to the Plaintiffs whose address is 9100 Meadow Creek Drive, Lake Vista Village, Box 145, Orlando, Fl. 32821.
If, as appellant contends, the effect of this order was to extend the one year period referred to in Rule 1.420(e) by an additional 45 days, the motions to dismiss for lack of prosecution were premature. However, we cannot agree that the order tolled the one year period.
Appellants rely on Rudolph v. Chase, 468 So.2d 494 (Fla. 5th DCA), pet. for rev. denied, American Home Assur. Co. v. Rudolph, 479 So.2d 117 (Fla. 1985) to support their position, but that case is completely distinguishable from this one. In Rudolph, the trial court abated the action and removed it from the active docket. Under those circumstances, neither party could proceed without a court order reinstating the cause. Sub judice, the order prevented only the defendant from proceeding during the 45 day period. The purpose of the order was to protect the plaintiffs while they attempted to secure other counsel, but they could have proceeded the next day, either with new counsel or pro se, to prosecute their action. No order of court was necessary or required. The plaintiffs should not be permitted to extend the one year period when the progress of the case was completely within their control. They had approximately seven months after the 45 day period expired within which to proceed, during which time there was no record activity.
Appellants next contend that the order itself constituted sufficient record activity to preclude dismissal. Rule 1.420(e) requires "some active measure ... intended and calculated to hasten the suit to judgment" to preclude dismissal for failure to prosecute. Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951). This order did nothing more than to provide for the substitution of counsel, and as such, does not constitute the type of record activity designed to progress the suit to judgment. Boeing Company v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981), pet. rev. denied, 412 So.2d 468 (Fla. 1982). As such, it is not the type of record activity which will preclude dismissal.
Lastly, appellant contends that the language of Rule 1.420(e) itself, viz: "unless a stipulation staying the action is approved by the court or a stay order has been filed ..." precludes dismissal because here, a stay order was entered. Certainly dismissal is improper while the stay order is in effect. See e.g. Bowman v. Peele, 413 So.2d 90 (Fla. 2d DCA), dismissed, 419 So.2d 1199 (Fla. 1982). But where the stay order has expired, as it had here, dismissal *657 is appropriate after one year has elapsed without record activity.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.420(e) provides:

All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court ... unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.