526 So.2d 999 (1988)
TOGO'S EATERY OF FLORIDA, INC., Appellant,
v.
Victor P. FROHLICH, et ux., Appellees.
No. 87-279.
District Court of Appeal of Florida, First District.
June 10, 1988.
*1000 Jeffrey P. Whitton, Panama City, for appellant.
Clinton E. Foster, Panama City, for appellees.
JOANOS, Judge.
Appellant/plaintiff Togo's Eatery of Florida, Inc., appeals an order of dismissal filed pursuant to Florida Rule of Civil Procedure 1.420(e). The questions for our review are: (1) whether the trial court erred in dismissing the matter for failure to prosecute less than one year following expiration of a period of abatement, and (2) whether sufficient non-record activity was shown to avoid dismissal. We reverse the order of dismissal, and remand with directions to reinstate the action.
On February 23, 1982, appellant/plaintiff filed a complaint against the Frohlichs, appellees/defendants, alleging violations of a franchise agreement. Various pleadings ensued, and the case was set for trial on April 22, 1986. At the commencement of the hearing, counsel for the defendants moved ore tenus to abate, on the ground that Togo's Eatery of Florida, Inc. did not exist. Appellant's counsel responded he was unaware that Togo's was not an active corporation, and suggested that the matter be continued to allow the corporation to be reinstated by filing annual reports with the Secretary of State.
The trial court granted the motion, and entered a written order to that effect on April 24, 1986. The written order states in pertinent part that 
Defendant's motion to abate be and the same is hereby granted and the trial in this cause be and the same is hereby *1001 continued and the named Plaintiff shall have a period of thirty days in which to take such remedial action as it deems appropriate.
On March 30, 1987, the trial court issued a notice and judgment of dismissal finding that no activity or pleadings had occurred for a period of one year, and scheduling a hearing for May 4, 1987, to determine whether there was good cause to avoid dismissal. On April 27, 1987, appellant filed a response, noting, among other things, that at the scheduled final hearing on April 22, 1986, defendants made a motion to abate that the trial court granted; that the order regarding abatement was signed by the trial court on April 23, 1986, and filed on April 24, 1986; and that the time is tolled for computation purposes when an order of abatement has been entered. After a hearing on May 4, 1987, the trial court issued an order confirming the previous judgment of dismissal.
A dismissal for failure to prosecute is appropriate when "it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year ... unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing... why the action should remain pending." Fla.R.Civ.P. 1.420(e). The one-year period specified in the rule is to be determined by calculating the time between the date of filing of the last affirmative act and the date of filing of the motion to dismiss. Konstand v. Bivens Center, Inc., 512 So.2d 1148 (Fla. 1st DCA 1987); Ace Delivery Service, Inc. v. Pickett, 274 So.2d 15 (Fla. 2d DCA 1973); Shalabey v. Memorial Hospital of South Broward Hospital District, 253 So.2d 712 (Fla. 4th DCA 1971), cert. denied, 257 So.2d 562 (Fla. 1972).
Dismissal for failure to prosecute is not available in those cases in which there has been a court ordered stay or an automatic stay, as in a bankruptcy proceeding. Personalized Air Conditioning, Inc. v. C.M. Systems of Pinellas County, Inc., 522 So.2d 465 (Fla. 4th DCA 1988); Rudolf v. Chase, 468 So.2d 494 (Fla. 4th DCA), review denied, 479 So.2d 117 (Fla. 1985); Bowman v. Peele, 413 So.2d 90 (Fla.2d DCA 1982); DeLuca v. Harriman, 402 So.2d 1205 (Fla. 2d DCA 1981), review denied, 412 So.2d 465 (Fla. 1982); Lowen Air Conditioning, Inc. v. Small, 397 So.2d 414 (Fla. 4th DCA 1981).
In language similar to the language in the dismissal order in this case, the trial court's order in Rudolf v. Chase, expressly abated the case and removed it from the court docket until filing of a notice of appearance of another attorney for the plaintiff. The district court found the order was not one continuing the case for trial, but was an order of abatement. The court concluded that it must take the order according to its express terms. Therefore, the trial court's order of dismissal, which had calculated the one-year period without reference to the order of abatement, was reversed.
In circumstances somewhat analogous to those which appear in the instant case, the Fifth District rejected the plaintiff's argument that the one-year period should be extended by the time during which the proceedings were stayed. Berenyi v. Halifax Hospital Medical Center, 498 So.2d 655 (Fla. 5th DCA 1986). In Berenyi, the court granted a 45-day stay to allow plaintiffs to obtain additional counsel. The court held that since the stay served only to prevent the defendant from proceeding during the 45-day period, plaintiffs should not be permitted to extend the one-year period when the progress of the case was completely within their control.
Unlike the situation which obtained in Berenyi, the order in this case expressly grants the defendants'/appellees' motion to abate. To abate means to suspend or to put an end to an action,[1] while to continue an action means to postpone it to a future *1002 date.[2] Since the appellees moved for an abatement, and the order stated in express language that the motion for an abatement was granted, we conclude, as did the Rudolf court, that we must take the order according to its express language. Therefore, we find the trial court's order, which calculated the one-year period without reference to the order of abatement, was entered prematurely.
The second issue raised in this appeal is directed to the showing of good cause to avoid dismissal in the face of nonrecord activity. Nonrecord activity sufficient to preclude dismissal under Rule 1.420(e) is activity that substantially furthers the prosecution of the case, and is initiated by a party or by the court in response to a party's notice or motion that advanced the cause. Nelson v. Stonewall Insurance Company, 440 So.2d 664 (Fla. 1st DCA 1983). The good cause which will avoid dismissal for failure to prosecute must include contact with the opposing party and some form of excusable conduct other than negligence or inattention to pleading deadlines. Norflor Construction Corporation v. City of Gainesville, 512 So.2d 266, 267 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla. 1988). In Norflor, the court listed three examples of nonrecord activity deemed insufficient to constitute good cause: (1) an attorney's misrepresentations and erroneous assumptions, Shanley v. Allen, 346 So.2d 548 (Fla. 1st DCA 1976); (2) misunderstandings between attorneys, Bakewell v. Shepard, 310 So.2d 765 (Fla. 2d DCA 1975); and (3) settlement negotiations which fail to reach fruition, Appraisal Group, Inc. v. Visual Communications, Inc., 426 So.2d 1155 (Fla. 3d DCA 1983). In addition, premature filing of a Rule 1.420(e) motion is not the record activity contemplated by the rule. Barnett Bank of East Polk County v. Fleming, 508 So.2d 718 (Fla. 1987).
This court's decision in Norflor was released after appellant's initial brief was filed. In the reply brief, appellant's counsel directed our attention to the Norflor decision, and with commendable candor conceded that the non-record activity in this cause does not meet the criteria set forth in Norflor.
In summary, although we agree that the nonrecord activity in this case was insufficient to avoid dismissal, we conclude that the order abating the action for thirty days operated as a stay as contemplated by Rudolf v. Chase. Since the one-year period did not begin to run until the thirty day stay elapsed, this cause was prematurely dismissed. Therefore, we reverse the order of dismissal for failure to prosecute, and remand with directions to reinstate the action.
Accordingly, this cause is reversed and remanded for proceedings consistent with this opinion.
SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] The American Heritage Dictionary of the English Language 2 (1979); Black's Law Dictionary 4 (5th ed. 1979).
[2] The American Heritage Dictionary of the English Language 288 (1979); Black's Law Dictionary 291 (5th ed. 1979).