537 So.2d 628 (1988)
GLOBE AERO LTD., INC., Appellant,
v.
AIR & GENERAL FINANCE LTD., Principal, and Fidelity & Deposit Company of Maryland, Surety, Appellees.
No. 88-602.
District Court of Appeal of Florida, Third District.
December 27, 1988.
Rehearing Denied February 15, 1989.
Mishan, Sloto & Hoffman, P.A., and Julie Feigeles, Miami, for appellant.
Kelley, Drye, Warren, Smathers & Thompson and Karen L. Trafford, Miami, for appellees.
Before BARDKULL, BASKIN and JORGENSON, JJ.
PER CURIAM.
The original trial judge in this action entered a final default judgment against Aviation West, Air & General Finance Ltd.'s lessee, and a final judgment against Fidelity & Deposit Company of Maryland, Air & General Finance Ltd.'s surety. The trial judge's action properly conformed to the dictates of section 76.31, Florida Statutes (1987), which requires that simultaneous judgments be entered against the defendant and surety in an attachment action where the defendant defaults following the posting of an attachment forthcoming bond and retaking of property. It was error, therefore, for another trial judge to enter an order granting Air & General's subsequent motions to intervene, to discharge principal and surety, and to discharge the attachment. Entry of the order effectively set aside the original final judgments. It has long been the rule that a successor judge "cannot review and reverse on the merits and on the same facts *629 the final orders and decrees of his predecessor." Groover v. Walker, 88 So.2d 312 (Fla. 1956). See also Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981) (when final order has been rendered, second judge may not redecide same cause), rev. denied, 412 So.2d 468 (Fla. 1982).
The final order under review is reversed, and the cause is remanded with directions to reinstate the original final judgments.