PER CURIAM.
The plaintiffs appeal the trial court’s dismissal of their cause of action for lack of prosecution. We reverse. See Mikos v. Sarasota Cattle Co., 453 So.2d 402 (Fla.1984).
In March, 1993, the law firm representing plaintiffs in the trial court filed a motion to set cause for trial. Two months later, one lawyer in the firm — not the firm nor a named member — filed a motion to withdraw; and an order was entered, allowing him to withdraw. The law firm was not named in either the motion or order; yet the order provided that all notices were to go to the plaintiffs. The trial court did not set the case for trial. Sometime thereafter, the plaintiffs’ current lawyer undertook representing them without filing a notice of appearance.
On May 2, 1994, the defendant filed a motion to dismiss for lack of prosecution. The certificate of service shows the plaintiffs’ present lawyer as having been mailed a copy on April 28, 1994. There is no notice of hearing on the motion to dismiss in the record on appeal, but the plaintiffs’ current lawyer has attached to his brief a fax copy, indicating service of such notice upon him on May 10, 1994, for a hearing to be held on May 18, 1994.
Plaintiffs’ current lawyer filed nothing pri- or to the hearing in opposition to the motion to dismiss. His first pleading in the record, following the trial court’s order of dismissal, is a motion for rehearing and to vacate the order of dismissal, based on (1) the 1993 motion to set cause for trial, and (2) the absence of service upon him of the motion to dismiss prior to the date of the May 18,1994, hearing.
Because it was the lawyers, not the plaintiffs, who contributed to the errors recited hereinabove, we believe it inappropriate to punish the plaintiffs.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.