714 So.2d 1098 (1998)
MODELLISTA DE EUROPA (CORP.), Appellant,
v.
REDPATH INVESTMENT CORPORATION, a Florida Corporation, and Stuart Wexelman, individually, Appellees.
No. 97-3160.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
Rehearing Denied August 10, 1998.
*1099 Bruce F. Silver of Bruce F. Silver, P.A., Boca Raton, for appellant.
George L. Sigalos of Simon, Sigalos & Spyredes, P.A., Boca Raton, for appellees.
OWEN, WILLIAM C., Jr., Senior Judge.
Appellant failed to timely prosecute its claim and suffered a dismissal without prejudice pursuant to Fla. R. Civ. P. 1.420(e). We affirm for the reasons discussed below.
After the complaint was filed in November 1995 there was a flurry of record activity until July 29, 1996. Thereafter, the only record activity until the motion to dismiss was filed July 30, 1997, were the following: on May 30, 1997 appellant's counsel, Honigman Miller Schwartz and Cohn, filed a motion to withdraw; on June 11, 1997, the court entered an order granting the motion[1] and giving plaintiff thirty days to obtain new counsel; on July 10, 1997 Bruce F. Silver, Esq., filed his appearance as appellant's counsel[2]. On July 30, 1997, appellees served by mail their motion to dismiss with notice of hearing set for August 6, 1997. Mr. Silver did not receive the motion and notice until late Friday, August 1. In granting the motion the court found that plaintiff after reasonable notice failed to demonstrate "good cause" either in writing or otherwise.
Appellant's first point is that the motion to dismiss was premature. The argument goes: (1) appellant, a corporation, could not appear except through counsel, Nicholson Supply Co. v. First Fed. Sav. and Loan Ass'n of Hardee County, 184 So.2d 438 (Fla. 2d DCA 1966); (2) therefore, the order granting appellant thirty days to obtain new counsel was the functional equivalent of a thirty day abatement; (3) where a court's order abates the action the one year period under Rule 1.420(e) is tolled. Rudolph v. Chase, 468 So.2d 494 (Fla. 5th DCA 1985); Togo's Eatery of Florida, Inc. v. Frohlich, 526 So.2d 999 (Fla. 1st DCA 1988). But Rudolph and Togo's are clearly distinguishable because in each of them the court order expressly provided for the action to be abated. The order in this case did not so provide. It is true that appellant could not proceed without counsel, but nonetheless appellant controlled the progress of the case and could have obtained counsel and proceeded the following day. Berenyi v. Halifax Hosp. Med. Ctr., 498 So.2d 655 (Fla. 5th DCA 1986). Thus, while we do not agree there was the functional equivalent of a stay in this case, even had there been a stay, when a plaintiff has complete control over the progress of the case while a stay is in effect, the one year period should not be extended. Tarken v. State Dep't. of Transp., 629 So.2d 258 (Fla. 3d DCA 1993).
Appellant's next point is that it should not be punished for the fault of its attorneys, citing Dixon v. City of Riviera Beach, 662 So.2d 424 (Fla. 4th DCA 1995). The language in Dixon upon which appellant relies is essentially dicta. In that case plaintiffs' counsel had filed a motion to set the cause for trial and the motion was still pending when the court subsequently dismissed the action for failure to timely prosecute. This court reversed the order of dismissal on the authority of Mikos v. Sarasota Cattle Co., 453 So.2d 402, 403 (Fla.1984), which squarely held "that once a plaintiff has given notice that it is ready for trial, the trial judge must enter an order fixing a date for trial and is therefore precluded from dismissing the action for lack of prosecution should the plaintiff fail to take any further action." While the Dixon court expressed its concern for the plaintiffs' plight to which their lawyers had contributed, its disposition of that case was clearly dictated by the Mikos case. Realistically, it must be recognized that (1) the failure to timely prosecute is almost invariably due to the fault of the plaintiff's lawyer, and (2) making a party bear the consequence of its lawyer's fault is central to the principle *1100 of agency. The rule does not require a distinction as to who was at fault but if it did there was plenty of fault to go around here.[3]
Appellant's final point is that the court abused its discretion in granting the motion to dismiss where appellees' failure to provide adequate notice of hearing deprived appellant of the opportunity to show good cause in writing at least five days prior to the hearing as required by the rule. There is no question but that appellees' tactics deprived appellant of that opportunity. Henzel v. Golstein, 349 So.2d 824 (Fla. 3d DCA 1977). Such practice should be discouraged.[4] Notwithstanding that plaintiff's counsel was given insufficient notice of the hearing, we find that appellant suffered no prejudice. At the hearing the court allowed appellant's counsel to present orally his arguments for good cause why the action should remain pending. Good cause requires some contact with the opposing party and some form of excusable conduct or occurrence which arose other than through negligence or inattention to pleading deadlines. Freeman v. Toney, 608 So.2d 863 (Fla. 4th DCA 1992). The court considered the argument of appellant's counsel and found that the matters stated did not constitute good cause. We conclude the court did not abuse its discretion in granting the motion.
AFFIRMED.
STONE, C.J., and GROSS, J., concur.
NOTES
[1] The order did not provide for a stay of the proceedings pending the appearance of new counsel for appellant.
[2] Neither the motion to withdraw, nor the court's order granting the motion, nor the appearance of new counsel are considered the type of "record activity" which will avoid dismissal under Rule 1.420(e). Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981); Berenyi v. Halifax Hosp. Med. Ctr., 498 So.2d 655 (Fla. 5th DCA 1986).
[3] The original lawyers could have sought an order expressly staying the matter while plaintiff obtained new counsel; the plaintiff could have obtained new counsel before twenty-nine of the allotted thirty days had expired; the new counsel could have taken some action within the twenty days that remained by which he could have avoided the one year provision of the rule.
[4] Since the rule requires that a party show good cause in writing at least 5 days before the hearing, plaintiff's counsel should be given sufficient notice so as to have the opportunity not only to prepare the "good cause in writing," but also to serve it "at least 5 days before the hearing." We were advised at oral argument that the notice given here complied with local rules. Be that as it may, the notice did not comply with the requirement of Rule 1.420(e). Henzel v. Golstein, 349 So.2d 824 (Fla. 3rd DCA 1977).