PER CURIAM.
The appellant appeals an order dismissing plaintiffs complaint for want of prosecution.
The genesis of this case was a legal malpractice action brought by the plaintiff, Orsonio, against attorneys who represented him in a civil rights claim tried in 1993 in the federal district court in Ft. Myers. The case was tried to a jury which found against the plaintiff. On appeal, the verdict was affirmed by the United States Court of Appeals for the Eleventh Circuit.
On July 23, 1997, plaintiff filed this malpractice action against his attorneys. The last record activity occurred on November 26, 2001, when the court granted defendants leave to file an amended answer and affirmative defenses. On November 27, 2002, defendants filed a motion to dismiss for lack of prosecution. Plaintiffs attorney then filed a motion to withdraw citing irreconcilable differences, which motion was granted. The hearing scheduled on the motion to dismiss for want of prosecution was continued from December 18, 2002 until December 30, 2002, in order to permit the plaintiff Orsonio, who had neither obtained new counsel nor filed any showing of good cause to preclude dismissal, time to obtain new counsel and show good cause why the case should not be dismissed. On December 27, 2002 an appearance was filed by plaintiffs current counsel.
When the matter was heard before the trial judge on December 30, 2002, plaintiff had still not filed any showing of good cause as required by Rule 1.420(e). Plaintiffs attorney was nonetheless permitted to proffer what his client would have testified to had he been present and testifying. He was given full leave to argue despite the uncontroverted fact that there had been no record activity for a period of one year. After an extended hearing the trial judge entered an order dismissing the cause for want of prosecution pursuant to the rule, citing to Modellista de Europa (Corp.) v. Redpath Inv. Corp., 714 So.2d 1098 (Fla. 4th DCA 1998).
Plaintiffs present counsel argued that his predecessor’s suspension from the Bar for failure to maintain his CLE credits was analogous to a counsel’s illness, which has been recognized in some situations as supporting a showing of a good cause basis for failure to prosecute. The trial court rejected this argument out of hand, as do we. In Modellista Senior Judge Owen wrote:
[I]t must be recognized that (1) the failure to timely prosecute is almost invari *975 ably due to the fault of the plaintiffs lawyer, and (2) making a party bear the consequence of its lawyer’s fault is central to the principle of agency. The rule does not require a distinction as to who was at fault but if it did there was plenty of fault to go around here.
Modellista at 1099-1100.
We are in agreement with the insightful wisdom of Senior Judge Owen, and, with modification[1], affirm the order under review.

. The order effectively dismisses the complaint with prejudice by including language of finality, i.e. that plaintiff shall take nothing by the action and go hence without day. We strike that portion of the order because a dismissal for want of prosecution should not be a dismissal with prejudice (although, depending upon whether the statute of limitations has run, the dismissal may have that effect).