898 So.2d 111 (2005)
AMERICAN WALL SYSTEMS, INC., Appellant,
v.
MADISON INTERNATIONAL GROUP, INC., et al., Appellee.
No. 5D03-2857.
District Court of Appeal of Florida, Fifth District.
February 18, 2005.
Rehearing Denied April 15, 2005.
Loreen I. Kreizinger of Loreen I. Kreizinger, P.A., Ft. Lauderdale, for Appellant.
Stephen C. Chumbris, and Gerald D. Davis of Holland & Knight LLP, St. Petersburg, for Appellee.
COBB, W., Senior Judge.
The issue presented by this appeal is whether the trial court properly dismissed a lien foreclosure action brought in 1998 by the appellant, American Wall Systems, Inc. against various defendants on the basis of failure to prosecute.[1] The appellate *112 record indicates that the dismissal was pursuant to a motion to dismiss filed on March 17, 2003, by the defendant, Wachovia.
The trial court determined that a notice of service of interrogatories by American was subsequent in time to March 17, 2003, and determined that there was no record activity within the one year preceding that date. As pointed out by the appellees, it is the filing date of court papers that determines record activity under Rule 1.420(e). See Government Employees' Insurance Co. v. Wheelus, 382 So.2d 124 (Fla. 5th DCA 1980). The last record activity before Wachovia's motion was the filing of an order on March 11, 2002.
The only activity of record that occurred within the year preceding March 17, 2003, was the withdrawal of a defense attorney and the filing of an appearance by replacement counsel. The principal argument in opposition to the motion to dismiss, both below and on appeal, is the contention of American that it was somehow prevented from prosecuting this action below because of a pending motion to withdraw filed by the attorney for two of the defendants below. This is not sufficient to prevent dismissal. Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla.1951); Berenyi v. Halifax Hosp. Med. Ctr., 498 So.2d 655 (Fla. 5th DCA 1986); Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981), review denied, 412 So.2d 468 (Fla.1982); and Nat'l Enters., Inc. v. Food Tech Hialeah, Inc., 777 So.2d 1191 (Fla. 3d DCA 2001). We agree with the appellees that counsel for American was free at any time to set a notice of hearing on the motion of adverse counsel to withdraw.
We also agree with the trial court's rejection of American's argument that its inaction was justified because it was awaiting the results of two related pending actions. We note that no stay or joinder was sought.
American also argues that the trial court's order allowing withdrawal of defense counsel somehow abated or stayed the action below until counsel was substituted. We specifically rejected this argument in Berenyi.
American's remaining arguments in regard to nonrecord activity and clerical error are also unpersuasive.
AFFIRMED.
PLEUS, J., concurs.
GRIFFIN, J., concurs in result.
NOTES
[1] See Fla. R. Civ. P. 1.420(e), which provides: "(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute."