STEVENSON, J.
David Elbaum, the former husband, appeals the final judgment of dissolution of marriage, arguing that the trial court erred in (1) interpreting the parties’ marital settlement agreement as requiring him to secure a mortgage on the parties’ Isla-morada home, which he received, in order to pay off the mortgage on the parties’ Boca Raton home, which the former wife received; (2) awarding wife $8,160.25 in permanent periodic alimony and retroactive alimony; (3) failing to impute additional income to the wife; (4) using a twenty-five percent tax rate to “gross up” the wife’s alimony; and (5) requiring husband to obtain life insurance to secure the alimony award without making the requisite factual findings. We affirm as to all issues, save the requirement that the husband obtain life insurance. We also discern a misunderstanding on the husband’s part as to his alimony obligation under the final judgment. We write to address these two issues.
The husband argues the trial court abused its discretion in requiring him to pay $3,160.25 per month in permanent periodic alimony as he lacks the ability to pay such amount. We believe the former husband has misread the judgment. The $3,160.25 in alimony includes the $1,668 per month the husband is required to pay for the mortgage on the Boca Raton home retained by the wife. The parties’ settlement agreement and the final judgment require that the husband satisfy this mortgage. Once the husband does so, his monthly alimony obligation is limited to $1,492.25.[1] Indeed, the wife has conceded that upon satisfaction of the Boca Raton home’s mortgage, the husband’s alimony obligation is limited to such amount. We find no abuse of discretion in the trial court’s awarding of alimony as to type or amount.
The husband is correct, however, in his claim that the provision requiring him to secure his alimony obligation with life insurance must be reversed as the judgment does not contain the factual findings that must accompany such a provision. See, e.g., Smith v. Smith, 912 So.2d 702, 704 (Fla. 2d DCA 2005) (“To require such security, ... the trial court must make findings as to the availability and cost of insurance, the obligor’s ability to pay, and the special circumstances that warrant such security.”). Remand is required on this issue.

Affirmed in part; reversed in part; and remanded.

WARNER and GROSS, JJ„ concur.

. The final judgment lists the remainder amount of alimony as $1,472.25 per month; this is a mathematical or scrivener’s error since $3,160.25 (initial alimony award including the Boca Raton mortgage) minus $1,668 (the monthly Boca Raton mortgage) equals $1,492.25. On remand, we direct the trial court to correct this error.