DAMOORGIAN, C.J.
This is an appeal from a Final Judgment of Dissolution of Marriage where Joanne Aquilana (“Former Wife”) challenges the trial court’s distribution of the marital assets and alimony award to Vincent Aquili-na (“Former Husband”). We affirm the court’s equitable distribution of the parties’ assets without further discussion. We reverse and remand Former Husband’s alimony award.
The parties were married in 1992 and Former Wife filed for divorce in November 2011. During the course of their marriage, Former Wife was the primary breadwinner, and made a substantial income. Former Husband contributed to the family finances as well, but his work as a home inspector was not steady and his income varied greatly. The parties acquired several assets during the course of their marriage, including a home, two parcels of land in North Carolina, their respective vehicles, and significant retirement savings. The marital home was encumbered by a mortgage which was almost paid off at the time of the dissolution proceedings and a home equity line of credit (“HE-LOC”). Former Husband also owed money on his vehicle.
The parties agreed to equitable distribution of their assets and that Former Husband was entitled to permanent alimony, but disputed the manner of distribution and the proper alimony award. Both parties agreed that Former Husband would take the marital home and his vehicle, but Former Wife requested to have the debt attached to the marital home and to Former Husband’s vehicle distributed to her so that the monthly payments on the debts would not be incorporated into Former Husband’s alimony award. Former Husband, on the other hand, wanted all of the debt allocated to him and argued that the court should consider the monthly expense of paying off the debt when fashioning his alimony award.
Ultimately, the court allocated the debt associated with Former Husband’s vehicle to Former Wife, but awarded Former Husband the marital home as well as the corresponding mortgage and HELOC debt. Accordingly, the court allotted for payment of the mortgage and HELOC in Former Husband’s alimony award. Regarding the alimony award, the court found as follows:
[I]n the event the Husband pays off his mortgage or some other significant item of expense of his no longer exists, nothing herein is a determination that such a change in circumstance is not anticipated.
On appeal, Former Wife argues that the trial court erred by allocating the mortgage payment in Former Husband’s alimony award because the mortgage was scheduled to be paid off in the near-term. She also argues that the above quoted language from Paragraph 83 of the final judgment sets forth a standard for modification which runs contrary to established law. We disagree with Former Wife’s allocation argument, but agree that the trial court included an improper standard for modification in its final judgment.
“The trial court’s award of alimony is subject to an abuse of discretion standard of review, and where the record does not contain substantial, competent evidence to support the trial court’s findings regarding the amount of alimony awarded, the appellate court will reverse the award.” Farley v. Farley, 858 So.2d 1170, 1172 (Fla. 2d DCA 2008) (citation omitted).
*599 “Generally, it is error to provide for an automatic, future change or termination of alimony based upon the anticipated occurrence of a future event.” Loss v. Loss, 714 So.2d 1098, 1094 (Fla. 4th DCA 1998). This is because an alimony award based on a future occurrence rather than a present circumstance improperly shifts the burden of proof at a subsequent modification hearing. See Kernan v. Kernan, 495 So.2d 275, 275 (Fla. 5th DCA 1986). However, there is an exception to this rule. As we explained in Loss: “[A]n automatic reduction would not be improper where the evidence supports a finding that the receiving spouse’s financial position will in fact change in the future.” 714 So.2d at 1094.
Former Wife relies on cases citing this exception in support of her position. Id. (affirming portion of court’s alimony award providing for an automatic future reduction of alimony upon satisfaction of mortgage); Elbaum v. Elbaum, 86 So.3d 1272, 1273 (Fla. 4th DCA 2012) (affirming alimony award which provided for automatic reduction upon satisfaction of mortgage). While the cases relied on by Former Wife stand for the proposition that the court could have provided for automatic reduction of Former Husband’s alimony upon satisfaction of the mortgage, they do not stand for the proposition that the court was required to do so. Rather, it was well within the court’s discretion to award alimony based on the parties’ needs at the time of the dissolution. Italiano v. Italiano, 873 So.2d 558, 559 (Fla. 2d DCA 2004); Hollinger v. Hollinger, 684 So.2d 286, 288 (Fla. 3d DCA 1996); Kernan, 495 So.2d at 275. As Former Husband established that he was obligated to pay the mortgage at the time his alimony award was fashioned, we hold that the court did not abuse its discretion in allocating for the mortgage payment, and thus affirm the amount of the trial court’s alimony award to Former Husband.
The language contained in Paragraph 33, on the other hand, is problematic. As set forth above, the trial court provided that “in the event the Husband pays off his mortgage or some other significant item of expense of his no longer exists, nothing herein is a determination that such a change in circumstance is not anticipated.” (emphasis added). Translated from the double negative, the trial court essentially ruled that it anticipated Former Husband would pay off his mortgage and/or other significant items of expense.
The well-established law regarding modification of an alimony award is that “[i]n order to modify an alimony award, a movant must show: 1) a substantial change of circumstances; 2) that the change was not contemplated at the time of the final judgment; and 3) that the change is sufficient, material, involuntary, and permanent in nature.” Mendes v. Mendes, 947 So.2d 450, 452 (Fla. 4th DCA 2006). Accordingly, based on the language contained in Paragraph 33, Former Wife cannot move to modify her alimony obligations when Former Husband pays off the mortgage or any other large expense (such as the HELOC) because such changes in circumstances were expressly anticipated by the court at the time it made its alimony award. See Penland v. Penland, 442 So.2d 1054, 1055 (Fla. 1st DCA 1983) (“Alimony may not be modified for anticipated changes in circumstances.”). This result is patently inequitable.
Our holding in Wolfe v. Wolfe, 953 So.2d 632, 635 (Fla. 4th DCA 2007), is instructive. There, during dissolution proceedings the husband argued that the trial court should not award his wife the full cost of maintaining the marital home (in- *600 eluding mortgage payments) as part of her permanent alimony because the parties were planning on selling the marital home in the near future, and thus the wife’s expenses would be reduced once the sale was complete. Id. at 633. The court declined to speculate on the wife’s future expenses after the sale of the home and included the expenses associated with the marital home in the wife’s award. Id. After the home sold, the husband moved to modify the alimony award on the basis that the wife’s needs decreased. Id. The court denied the husband’s motion, refusing to consider the sale of the marital home as a reason for modification because the sale was contemplated in the final judgment. Id. at 634. On appeal, this Court reversed. In doing so, we first examined the “change not contemplated at the time of the final judgment” requirement for modification, explaining:
The reason for this doctrine is an obvious one: if the likelihood of a particular occurrence was one of the factors which the court or the parties considered in initially fixing the award in question, it would be grossly unfair subsequently to change the result simply because the anticipated event has come to pass.
Id. at 634-35 (quoting Mendes, 947 So.2d at 452).
We then noted that by providing wife with sums to cover the entire cost of maintaining the marital home in its alimony award, “the trial court refused to consider the likely reduction of the wife’s expenses once the marital home was sold.” Id. at 635. Based on this, we held: “Because the former wife’s needs after obtaining her new residence were not considered in the fixing of the award, we conclude that the court erred in failing to consider the sale of the marital home and related reduction of expenses as a ground for modification.” Id.
Here, the language included by the court in its alimony award ensures the exact result we admonished in Wolfe. By awarding Former Husband alimony to cover the monthly expense of the mortgage and HELOC, the court effectively refused to consider the likely reduction of Former Husband’s expenses once the loans were paid off. Because the court’s award had the effect of ignoring Former Husband’s probable future change in circumstances, it was improper and paradoxical for it to state that, at the same time, it did anticipate such future changes. Accordingly, we reverse and remand the trial court’s final judgment with instructions to remove Paragraph 33.

Affirmed in part, Reversed in part and Remanded.

GROSS and KLINGENSMITH, JJ., concur.