293 So.2d 798 (1974)
Cecil M. CASTLE, Appellant,
v.
Theodore R. STRUHL, M.D., Appellee.
No. 73-1186.
District Court of Appeal of Florida, Third District.
April 30, 1974.
*799 Hawkesworth, Kay & Schmick, Miami, for appellant.
Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of the trial court's order dismissing this action for failure to prosecute.
On September 15, 1970 plaintiff, Cecil M. Castle, filed a complaint for damages against Cedars of Lebanon Hospital, Inc. and Theodore Struhl, M.D. Subsequently, a final summary judgment was enterd in favor of Cedars of Lebanon. Thereafter, an amended complaint against Dr. Struhl was filed by the appellant on September 27, 1971. The last recorded activity in this action was plaintiff's filing a notice of taking deposition of the defendant scheduled for September 8, 1972. On September 10, 1973 defendant filed the subject motion to dismiss for failure to prosecute pursuant to RCP 1.420(e). In response thereto, counsel for plaintiff filed a reply wherein he alleged that the deposition of defendant Struhl set for September 8, 1972 was cancelled as a result of the unavailability of records which at the time were in control of the attorneys for Cedars of Lebanon Hospital. He further alleged therein that on September 27, 1972 he received the aforementioned hospital records. A hearing was held on the motion to dismiss at the conclusion of which the trial judge entered his order dismissing the action for failure to prosecute. Plaintiff appeals therefrom. We affirm.
The "action" contemplated by RCP 1.420(e), 30 F.S.A., in prosecuting a case of necessity involves actions which result in contact by one party with the opposing party or the court. Wells v. Van Arnam, M.D., Fla.App. 1973, 271 So.2d 186.
The record reflects that during a period in excess of one year the only contact alleged by counsel for plaintiff was the request for and receipt of hospital records from a third party, the lawyers for Cedars of Lebanon Hospital, Inc., which approximately 15 months prior thereto had been granted final summary judgment in its favor. Thus, it affirmatively appears that there was no action which resulted in contact between plaintiff and opposing counsel or the court in over a year in the prosecution of this cause and, therefore, the trial judge was correct in granting defendant's motion to dismiss for failure to prosecute.
Accordingly, the order herein appealed is affirmed.
Affirmed.