310 So.2d 765 (1975)
John A. BAKEWELL, Appellant,
v.
James M. SHEPARD, Appellee.
No. 74-338.
District Court of Appeal of Florida, Second District.
March 7, 1975.
Rehearing Denied May 1, 1975.
Richard J. Taylor, of Strode, Hereford & Taylor, Sarasota, for appellant.
Paul E. Logan, of Goodrich & Hampton, Bradenton, for appellee.
HOBSON, Acting Chief Judge.
This interlocutory appeal is from an order denying appellant's motion to dismiss for lack of prosecution. The trial judge did not give her reason, but found that good cause existed to deny the motion.
The last recorded activity in the cause was an answer to request for admission filed by appellee-plaintiff on September 18, 1972. A hearing had been held on July 20, 1972, before John Justice on appellant's motion to abate. This hearing was not recorded, and no order was entered after that hearing. Judge Justice retired on January 1, 1973, without entering an order *766 upon the question of jurisdiction raised by appellant.
On December 4, 1973, appellant filed a motion to dismiss the action for failure to prosecute pursuant to RCP 1.420(e). In response, appellee's counsel timely filed two affidavits, showing there had been a misunderstanding between appellee's counsel, Jim C. Jones, and counsel he elected to associate to handle the case. Mr. Jones stated that in February or March of 1973, he discussed the claim with Warren Goodrich and on March 23, 1973, he forwarded the file to Mr. Goodrich, assuming that he would handle the case from that point forward. He further stated that he did not contact Mr. Goodrich's office again until the filing of the motion to dismiss. Mr. Goodrich's affidavit substantiated Mr. Jones' statement, averring that no decision was ever made by his office to accept the case, and that after the motion to dismiss had been filed he discovered that a misunderstanding had existed as to who was actively handling the case.
Appellee does not claim that either the court or appellant's counsel had knowledge of the attempt to associate counsel.
While nonrecord activity has been held to be sufficient "action" under Rule 1.420(e), Whitney v. Whitney, Fla. App.2nd 1970, 241 So.2d 436; Musselman Steel Fabricators, Inc. v. Radziwon, Fla. 1972, 263 So.2d 221, such "action" of necessity involves actions which result in contact by one party with the opposing party or the court. Wells v. Van Arnam, Fla.App.1st 1973, 271 So.2d 186; Castle v. Struhl, Fla.App.3rd 1974, 293 So.2d 798. The nonrecord activity in the instant case between appellee's counsel and a third party does not constitute sufficient "action" contemplated by RCP 1.420(e). Neither does the misunderstanding between appellee's counsel and counsel to be associated justify the trial court's finding of "good cause." See Miller v. Hartley's, Inc., Fla. App.3rd 1957, 97 So.2d 211; Conklin v. Boyd, Fla.App.1st 1966, 189 So.2d 401; Florida Power & Light Company v. Gilman, Fla.App.3rd 1973, 280 So.2d 15.
In the affidavit filed by appellee's counsel in response to the motion to dismiss, no mention was made of the failure of Judge Justice to enter an order after the hearing held on July 20, 1972, on the question of jurisdiction. Although appellee did not show good cause in writing five days before the hearing, [See RCP 1.420(e)], he now argues that the trial court could have found that the inaction of the appellee was occasioned by the failure of Judge Justice to enter an order or rule on the question of jurisdiction.
Appellant's motion to dismiss for failure to prosecute was filed more than sixteen months after the hearing before Judge Justice, and eleven months after Judge Justice had retired, and yet no effort was ever made to get a ruling from Judge Justice or his successor. This was ample time to secure a ruling on the question. Under the circumstances, failure of the court to dispose of the motion was not sufficient excuse for appellee's inactivity for more than a year.
Neither of the grounds individually was sufficient "good cause" contemplated by the rule and, being so, collectively, they were not sufficient.
The order denying appellant's motion to dismiss is reversed and the cause is remanded with directions to grant the motion.
Reversed and remanded.
GRIMES, J., and BERANEK, JOHN RUSSELL, Associate Judge, concur.