GRIMES, Justice.
This is a petition to review the decision in Diaz v. Public Health Trust of Dade County, 492 So.2d 1082 (Fla.3d DCA 1986), because of conflict with Paedae v. Voltaggio, 472 So.2d 768 (Fla. 1st DCA 1985), and 107 Group, Inc. v. Gulf Coast Paying & Grading, Inc., 459 So.2d 466 (Fla. 1st DCA 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Respondents (plaintiffs) instituted a medical malpractice action one day before the statute of limitations was due to expire. The complaint was not served on any of the defendants for more than a year, and no record activity to further the claim took place during that time. At that point, the trial court issued an order to show cause why the action should not be dismissed. Plaintiffs’ counsel filed an unsworn pleading asserting record activity in the form of discussions with other law firms to whom she was seeking to refer the case. Counsel also stated that she was physically disabled by reason of pregnancy “for fifty percent of the period of nonrecord activity.” Following an ex parte hearing, the court entered an order dated May 14, 1984, staying the dismissal “for thirty days during which time counsel for the Plaintiff shall obtain service on the Defendants herein.” Counsel obtained two subsequent extensions of time and finally obtained service on all of the defendants seventeen months after the complaint was originally filed.
Thereafter, the defendants filed a miscellany of motions and responsive pleadings, and discovery commenced. Several of the defendants then filed motions for summary judgment arguing that the plaintiffs were barred by the statute of limitations because of their intentional delay in effecting service of process and, in the alternative, that the plaintiffs had failed to prosecute the action diligently. The judge denied the motions for summary judgment as they related to the statute of limitations. However, the court expressed the view that it had erroneously failed to dismiss the case on May 14, 1984. Treating the remaining portion of the motions as a request for reconsideration of its prior ruling, the court vacated its earlier order of May 14, 1984, and dismissed the action nunc pro tunc for lack of prosecution.
The Third District Court of Appeal rejected the plaintiffs’ contention that a nunc pro tunc order could not be used to make a correction when there was simply a change of mind. The court treated the nunc pro tunc language as superfluous and pointed out that the trial court had the authority to vacate its interlocutory order upon sufficient grounds at any time before final judgment. Whitaker v. Wright, 100 Fla. 282, 129 So. 889 (1930); Margulies v. Levy, 439 So.2d 336 (Fla. 3d DCA 1983); Holman v. Ford Motor Co., 239 So.2d 40 (Fla. 1st DCA 1970). However, the court reversed the dismissal on the premise that the trial court had abused its discretion in waiting eleven months before vacating the stay order and dismissing the action in the absence of no new supportive evidence. The court pointed out that subsequent to the order of May 14, 1984, the plaintiffs had moved the case forward and had become exposed to liability for attorney’s fees and costs pursuant to section 768.56, Florida Statutes (1983). The court affirmed the cross-appeal which asserted that summary judgment should have been granted because of the statute of limitations.
We agree with the observation of the district court of appeal that “[i]f the trial court had dismissed the action in the first instance, there is little probability that plaintiffs, on the record before us, could have demonstrated that the court clearly abused its discretion.” Diaz, 492 So.2d at 1084-85 (footnote omitted). The facts relied upon by the plaintiffs’ counsel did not constitute good cause why the case should not be dismissed for lack of prosecution. See, e.g., 107 Group, Inc.; Carter v. DeCarion, 400 So.2d 521 (Fla. 3d DCA 1981), review denied, 412 So.2d 464 (Fla.1982); *684 F.M.C. Corp. v. Chatman, 368 So.2d 1307 (Fla. 4th DCA), cert. denied, 379 So.2d 203 (Fla.1979); Daurelle v. Beech Aircraft Corp., 341 So.2d 204 (Fla. 4th DCA 1976), cert. denied, Delgado v. Beech Aircraft Corp., 354 So.2d 980 (Fla.1977); Bakewell v. Shepard, 310 So.2d 765 (Fla. 2d DCA 1975); Castle v. Struhl, 293 So.2d 798 (Fla. 3d DCA 1974); Florida Power & Light Co. v. Gilman, 280 So.2d 15 (Fla. 3d DCA 1973). Cf. Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980).
The thrust of the opinion below is that by-virtue of having originally declined to dismiss the case for lack of prosecution, the trial court permitted the plaintiffs to engage in activity with respect to the case. In essence, an estoppel was created which prevented the court from later correcting its earlier erroneous ruling. This holding conflicts with those cases which hold that the erroneous denial of a motion to dismiss for lack of prosecution will be reversed on appeal. Paedae; 107 Group, Inc. In both of those cases, after the judge had denied a motion for lack of prosecution, a trial was held which resulted in a final judgment for the plaintiff. On appeal, the court held that the showing of good cause for the lack of prosecution was legally inadequate and reversed the judgment. In both cases, the plaintiff had relied far more extensively than in the instant case upon the original order which had denied the motion to dismiss for lack of prosecution.
By its ruling the court below inadvertently created a “catch 22” under which the erroneous denial of a motion to dismiss for lack of prosecution would be impervious to appeal. A defendant cannot appeal a nonfi-nal order which denies a motion to dismiss for lack of prosecution. Fla.R.App.P. 9.130(a). Hence, the defendant would have no alternative but to defend the subsequent prosecution of the case. If the plaintiff succeeded in obtaining a judgment, the defendant could then raise as a point on appeal the erroneous denial of the motion to dismiss for lack of prosecution. Fla.R. App.P. 9.130(g). However, under the principle established by the Third District Court of Appeal, the defendant could never prevail because the plaintiff would have always relied upon the erroneous order in further prosecuting the case. Presumably, this rationale would also apply to the denial of a motion to dismiss for failure to state a cause of action. Even though the judge later concluded that the motion should have been granted, it would be an abuse of discretion to correct the ruling because in the meantime the plaintiff would have relied upon it in moving the case forward.
Incurring litigation expenses as a result of an erroneous nonfinal order has never been regarded as a “material injury to a party.” R.J. Brown, Inc. v. Seminerio, 246 So.2d 629 (Fla. 4th DCA 1971) (incurring expenses for representation at unnecessary trial is not a “material injury” which would permit immediate review of nonfinal order by common law certiorari). Accord Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980); Whiteside v. Johnson, 351 So.2d 759 (Fla. 2d DCA 1977); Pullman Co. v. Fleishel, 101 So.2d 188 (Fla. 1st DCA 1958). The plaintiffs’ continuation of the action below did not constitute a detrimental change in legal position and did not render an erroneous order unreviewable. Cf. Cassidy v. Firestone Tire & Rubber Co., 495 So.2d 801 (Fla. 1st DCA 1986) (cost of prosecuting litigation based on prior case law does not preclude application of change in decisional law to pending case), review denied, 506 So.2d 1040 (Fla.), cert. denied, — U.S. -, 108 S.Ct. 45, 98 L.Ed.2d 10 (1987). The exposure to liability for additional attorneys’ fees and costs in reliance upon an erroneous ruling is simply a risk of litigation, the consequences of which are not unlike those which befall other plaintiffs whose judgments are reversed on appeal.
We disapprove the opinion of the Third District Court of Appeal as it relates to the order of dismissl and remand with directions that such order be reinstated. In view of our disposition of the case, we do not address the argument concerning the statute of limitations.
It is so ordered.
*685 EHRLICH, C.J., and OVERTON, MCDONALD, SHAW, BARKETT and KOGAN, JJ., concur.