341 So.2d 204 (1976)
Ethel Helen DAURELLE et al., Appellants,
v.
BEECH AIRCRAFT CORPORATION, Etc., et al., Appellees.
Carolyn DELGADO and Carolyn Delgado, As Executrix of the Estate of Robert E. Delgado, Deceased, Appellants,
v.
BEECH AIRCRAFT CORPORATION, Etc., et al., Appellees.
Nos. 75-1577, 75-1579.
District Court of Appeal of Florida, Fourth District.
December 17, 1976.
Rehearing Denied February 2, 1977.
*205 Hubert W. Williams, of Robertson, Williams, Duane & Lewis, Orlando, Daniel C. Cathcart and J. Magana, of Magana & Cathcart, Los Angeles, Cal., C.W. Abbott, of Maguire, Voorhis & Wells, Orlando, for appellants.
Richard J. Thornton, of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, and James V. Dolan, Fort Lauderdale, for appellees.
DANAHY, PAUL W., Jr., Associate Judge.
The appellants and plaintiffs in the trial court are the widows and personal representatives of two physicians who died in the crash of a Beechcraft airplane. They brought wrongful death actions against the appellees who were the defendants in the trial court. Among the orders entered by the trial court which appellants urge us to reverse is an order granting appellees' Motion to Dismiss for lack of prosecution within one year under Rule 1.420(e), Fla.R.Civ.P.
An important issue raised by appellants is whether they took "action" which was sufficient to cause the reversal of the Order of Dismissal entered under the Rule where there was extensive behind the scenes investigation by appellants and contact between local and foreign co-counsel for appellants during the one year period, albeit there was neither contact with the court nor an adverse party.
While the record on appeal reflects much record activity below, the following chronology is essential to our determination of this issue:

 Date of Filing Kind of Instrument
 4-29-74 Deposition of witness filed
 5-9-75 Appellees' Motion to Dismiss for lack of
 prosecution
 6-19-75 Order of Dismissal filed by the trial Court
 6-17, 1975

In applying the Rule, the critical period, therefore, extends from April 29, 1974, to May 9, 1975.
In the action below, appellants' Florida counsel associated lead foreign counsel and the record shows contact between them and extensive investigative efforts by them during the year in question. No pleadings were filed nor was any Order of Court entered during this period. Furthermore, during the period, it is undisputed that no counsel for appellants made any contact whatsoever with any of the appellees' counsel.
Notwithstanding the absence of any record action by the parties or the court or any contact with an adverse party, appellants urge action "otherwise" resulted because of the extensive and complex investigation conducted by them during the year. We disagree and now hold the Rule to mean that non-record action must involve contact with an opposing party. In so holding, we align this Court with our sister Court which *206 reached a similar result in Bakewell v. Shepard, 310 So.2d 765 (Fla.2d DCA 1975).
Upon reviewing the other orders of the trial court, we can not say there was any abuse of discretion in its finding that no good cause was shown why the action should remain pending, nor in any other manner. We have carefully considered the other arguments of counsel and the record on appeal, including the other points raised by the appellants and the point raised by the appellees and find them to be without merit.
AFFIRMED.
DOWNEY and ALDERMAN, JJ., concur.