608 So.2d 863 (1992)
Nebuchadnezzar FREEMAN and Helen Freeman, Appellants,
v.
Keith Leroy TONEY and Orkin Exterminating Company, Inc., Appellees.
No. 90-2201.
District Court of Appeal of Florida, Fourth District.
October 21, 1992.
Gary Marks of Law Office of Gary Marks, Fort Lauderdale, for appellants.
Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for appellees.
DOWNEY, Judge.
This case is before the court on remand from the Supreme Court of Florida wherein that court quashed the holding of this court in Toney v. Freeman, 600 So.2d 1099 (Fla. 1992), and directed this court "to address the issue of whether good cause was shown for failure to prosecute."
The facts of the case can be gleaned from our decision in Freeman v. Toney, 591 So.2d 200 (Fla. 4th DCA 1991), and the decision of the supreme court cited above.
As good cause for failure to prosecute appellant contended below that, due to the departure of a lawyer from the firm representing appellant, they did not receive the order issued by the trial court requesting advice regarding the status of the case until after the time limit for compliance. Be that as it may, it does not constitute good cause for the failure to prosecute within one year as required by the rule.
As appellees contend, good cause requires some contact with the opposing party and some form of excusable conduct or occurrence which arose other than through negligence or inattention to the pleading deadline. Appellees note that a change of attorneys is not good cause, nor are claims that counsel changed offices, suffered several secretarial changes and simply overlooked the case. Since no good cause was shown herein, appellees submit that the order of dismissal must be upheld.
In Barton-Malow Co. v. Gorman Co. of Ocala, Inc., 558 So.2d 519, 521 (Fla. 5th DCA 1990), the court held that "good cause requires some contact with the opposing party and some form of excusable conduct or occurrence which arose other than *864 through negligence or inattention to pleading deadlines." See also Togo's Eatery of Florida, Inc. v. Frohlich, 526 So.2d 999 (Fla. 1st DCA 1988) (good cause which will avoid dismissal for failure to prosecute must include contact with the opposing party and some form of excusable conduct other than negligence or inattention to pleading deadlines).
Based upon this record, appellants have failed to show an abuse of discretion in the dismissal for lack of prosecution. Accordingly, we affirm the order appealed from.
OWEN, WILLIAM C., JR., and WALDEN, JAMES H., Senior Judges, concur.