PER CURIAM.
Brock, the plaintiff below, seeks review of a final order dismissing his action for lack of prosecution. We reverse.
The record reveals that the defendants deposed the plaintiff at his home in October 1989. In the course of the deposition, the plaintiff revealed that he was in poor health due to heart and lung problems that required frequent hospitalizations and the use of oxygen around the clock. The defendants filed the deposition in October 1990, intending to use it at trial. Soon after filing the deposition, there commenced a one year period of inactivity that concluded when the defendants filed a motion under Florida Rule of Civil Procedure 1.420(e) to dismiss the plaintiffs action for failure to prosecute.[1] In response, the plaintiff cited his poor health and inability to communicate with counsel as good cause why his action should remain pending. An affidavit from the plaintiffs wife detailed his long medical history and asserted that he was unable to communicate during the period of record inactivity. A treating physician indicated that the plaintiff had severe emphysema that had rendered him completely disabled, bedridden, and unable to undergo the stress of court proceedings. Apparently unconvinced, the trial court dismissed the action noting “that the trial could have occurred with the plaintiff, as an unavailable witness, testifying through the use of his deposition transcript.”
The trial court correctly concluded that there was no record activity over a period of one year. However, despite this finding, it was an abuse of discretion to dismiss the action where the plaintiffs physical disability constituted good cause excusing his failure to prosecute. See Chrysler Leasing Corp. v. Passacantilli, 259 So.2d 1 (Fla.1972); Schlakman v. Helliwell, Melrose & DeWolf, 519 So.2d 14 (Fla. 3d DCA 1987). The trial court appears to have rejected the plaintiff's showing of good cause in the erroneous belief that the plaintiff could present his case through the October 1989 deposition. This discovery deposition, which was subsequently filed by the defendants for use at trial, was not intended to perpetuate the plaintiff's testimony for use at trial, nor was it sufficient for such a purpose. Thus, the existence of the deposition should not have negated the plaintiff’s showing of good cause.
The order dismissing the plaintiff’s action is reversed, and the case is remanded to the trial court.
ZEHMER, BARFIELD and MINER, JJ., concur.

. Rule 1.420(e) provides in pertinent part:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person ... unless ... a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending.