664 So.2d 348 (1995)
Arlene DION and Eugene Dion, Appellants,
v.
Christopher E. BALD, M.D., and Christopher E. Bald, M.D., P.A., Appellees.
No. 94-2058.
District Court of Appeal of Florida, Fifth District.
December 15, 1995.
*349 John R. Feegel, Tampa, for Appellants.
C. Timothy Gray and Jeffery M. Scott of Collins & Truett, P.A., Tallahassee, and J. Bruce Bowman of Dennis & Bowman, P.A., Tallahassee, for Appellees.

ON MOTION FOR CLARIFICATION
THOMPSON, Judge.
We have reviewed Arlene Dion's motion for clarification filed pursuant to Florida Rule of Appellate Procedure 9.330. We grant the motion for clarification, withdraw our previous opinion, and substitute the following.
Arlene Dion[1] ("Dion") appeals a trial court order which dismissed her medical malpractice case against Christopher E. Bald, M.D., and Christopher E. Bald, M.D., P.A. ("Dr. Bald"), based on Dion's failure to prosecute the case. See Fla.R.Civ.P. 1.420(e).[2] We affirm because the record contains insufficient evidence of record or non-record activity which would preclude dismissal of Dion's claim.
Dion had two lawyers in this case. The first lawyer filed Dion's medical malpractice suit after conducting an investigation of the claim pursuant to chapter 766 of the Florida Statutes.[3] Dr. Bald filed an answer, and the case progressed until the parties filed a joint stipulation to continue the trial date which had been set by the court. A new trial date was never set. Subsequently, Dion attempted to hire a new attorney. Before he would accept the case and file any pleadings, the new lawyer wanted to investigate the merits of the case. After conducting his own investigation, the lawyer filed a motion to substitute counsel. Dr. Bald subsequently filed a motion to dismiss for failure to prosecute pursuant to rule 1.420(e). There was no dispute that the motion to substitute counsel was the only document filed during the one year preceding the motion to dismiss. Further, it was undisputed that at no time during his investigation of Dion's claim did the new lawyer contact Dr. Bald or Dr. Bald's attorney. After a hearing, the trial court granted the motion to dismiss, and this appeal followed.
In considering Dr. Bald's motion to dismiss for failure to prosecute, the trial court was required to apply a two-step test. First, Dr. Bald was required to show that there had been no record activity for the year preceding his motion to dismiss. Second, if there was no such record activity, the burden shifted to Dion to establish good cause why the action should not be dismissed. Del Duca v. Anthony, 587 So.2d 1306, 1308 (Fla. 1991). In the present case, Dr. Bald's motion to dismiss for lack of prosecution acknowledged that Dion had filed a motion to substitute counsel. Dion did not contend to the trial court nor to this court that this motion constituted record activity. In fact, a motion to substitute new counsel is not sufficient record activity to prevent dismissal.[4] Like the trial court, therefore, we *350 limit our review to the second step of the test, whether Dion showed good cause why the action should not be dismissed.
In attempting to establish good cause, Dion contended that her new attorney's investigation of her claim, as required by chapter 766, was sufficient non-record activity to constitute prosecution toward trial. We disagree. The trial court correctly dismissed this action because Dion failed to show that either she or her new attorney contacted the opposing party during this period. In establishing good cause, Dion was required to show both excusable conduct on her part and contact with the opposing party. Edgecumbe v. American Gen. Corp., 613 So.2d 123 (Fla. 1st DCA 1993); Freeman v. Toney, 608 So.2d 863 (Fla. 4th DCA 1992); Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla. 1988); F.M.C. Corp. v. Chatman, 368 So.2d 1307 (Fla. 4th DCA), cert. denied, 379 So.2d 203 (Fla. 1979); Daurelle v. Beech Aircraft Corp., 341 So.2d 204 (Fla. 4th DCA 1976), cert. denied, 354 So.2d 980 (Fla. 1977). Dion failed to show such contact and, thus, failed to establish good cause which would prevent dismissal of her claim.
Further, we conclude that Dion has failed to demonstrate that the trial court abused its discretion in ruling that neither Dion's change of attorney, nor her new attorney's need to review and investigate her case, excused Dion's failure to prosecute the case. See Edgecumbe, 613 So.2d at 125 (concluding that abuse of discretion is standard of review); Norflor, 512 So.2d at 266; see also Barton-Malow Co. v. Gorman Co., 558 So.2d 519, 521 (Fla. 5th DCA 1990); see generally Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla. 1980). Although chapter 766 clearly requires that the investigation into the basis for a medical malpractice claim occur before any claim is filed, it does not require a new investigation after the suit has been filed if a new attorney is hired. Dion's new attorney's reevaluation of the medical issues involved and reconfirmation of the opinion of the original physician did not constitute sufficient non-record activity to preclude dismissal under rule 1.420(e). This action was duplicative of previous counsel's investigation and did not substantially further the prosecution of the case. See Togo's Eatery of Florida, Inc. v. Frohlich, 526 So.2d 999, 1002 (Fla. 1st DCA 1988). Accordingly, we affirm the trial court's order of dismissal.
AFFIRMED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] The original complaint was filed by Arlene Dion and her husband Eugene. Eugene Dion died on 8 January 1994 and is not a party to this appeal.
[2] Rule 1.420(e) provides:

(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla.R.Civ.P. 1.420(e).
[3] In filing the lawsuit, the lawyer complied with the presuit requirements of chapter 766 by filing the following certificate of good faith:

Pursuant to § 766.104(1), Florida Statutes, the undersigned attorney for the plaintiffs hereby certifies that she has made a reasonable investigation of this claim as permitted by the circumstances and that such investigation has given rise to a good faith belief that the defendants departed from the prevailing professional standard of care in their treatment of Arlene Dion.
[4] See Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987) (holding that neither response to court's order to advise of status of case nor notice of change of address was sufficient record activity to prevent dismissal because they did not constitute affirmative acts directed toward disposition of case, noting that notice of change of address was similar to filing motion for substitution of counsel, or filing stipulation and order for substitution of counsel, both of which are insufficient to preclude dismissal), review denied, 520 So.2d 585 (Fla. 1988); Berenyi v. Halifax Hosp. Medical Ctr., 498 So.2d 655 (Fla. 5th DCA 1986) (holding that order permitting attorney to withdraw and granting plaintiff 45 days to obtain new counsel did not extend one-year period under rule 1.420(e), was not sufficient record activity to preclude dismissal for lack of prosecution, and could not preclude dismissal because stay order had expired) (citing Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981) (holding that order providing for substitution of counsel is not type of record activity designed to progress suit to judgment and is not sufficient to preclude dismissal), review denied, 412 So.2d 468 (Fla. 1982)).