683 So.2d 657 (1996)
Debra MARTIN and James Martin, Appellants,
v.
PUTNAM COUNTY BLOOD BANK, INC., etc., Appellee.
No. 96-598.
District Court of Appeal of Florida, Fifth District.
December 6, 1996.
Paul S. Rothstein, Gainesville, for Appellants.
M. Mark Bajalia, of Wiliams & Shad, P.A., Jacksonville, for Appellee.
GRIFFIN, Judge.
Appellants Debra and James Martin [the "Martins"] appeal an order dismissing their suit for failure to prosecute against appellee, the Putnam County Blood Bank, Inc. ["Blood Bank"], pursuant to Florida Rule of Civil Procedure 1.420(e). The appellants contend that the trial court erred in determining that it was bound by this court's decision in Dion v. Bald, 664 So.2d 348 (Fla. 5th DCA 1995), to dismiss the appellants' action. We agree and reverse.
The facts in the record concerning this appeal are not well developed but manifestly are unique in our state's jurisprudence. The Blood Bank filed a motion on August 10, 1995, requesting that the trial court dismiss *658 the appellants' complaint for failure to prosecute. The last item of record prior to this motion was a June 22, 1994, response to a request for production filed by the appellee. In response to the motion, the Martins' attorney filed an affidavit averring that he did not engage in record activity in the case during the previous twelve months due to the fear and distraction he experienced as a result of his former wife's efforts to have him killed. The affidavit explained that in August, 1994, the attorney's former wife was convicted of attempted second degree murder and was sentenced to two years of house arrest followed by thirteen years of probation. The attorney attributed his professional paralysis to his former wife's nonincarcerated status and his efforts to thwart the ever-present threat of his murder. The affidavit of another attorney substantiated these claims. After a hearing, the trial court concluded that good cause had been demonstrated for the failure to prosecute and denied the appellee's motion. The court likened the uncontroverted effects of the extraordinary circumstances of the case to cases involving physical disabilities and observed the situation to be markedly different from those where attorneys are merely too busy to prosecute.
The appellee filed a motion for rehearing and then an amended motion. In the amended motion, the appellee argued that Dion v. Bald, 664 So.2d 348, which had been released by this court after the hearing on the motion to dismiss, required a showing of contact with the opposing party in order to establish good cause under Rule 1.420(e). Because there was no claim that such contact occurred during the twelve-month period of nonactivity, the appellee contended that the trial court should reverse its earlier decision. Following a hearing on this motion, the trial court held that Dion controlled and dismissed the appellants' complaint.
In reversing its decision to deny the dismissal, the trial court relied on the following language from this court's decision in Dion:
In attempting to establish good cause, Dion contended that her new attorney's investigation of her claim, as required by chapter 766, was sufficient non-record activity to constitute prosecution toward trial. We disagree. The trial court correctly dismissed this action because Dion failed to show that either she or her new attorney contacted the opposing party during this period. In establishing good cause, Dion was required to show both excusable conduct on her part and contact with the opposing party. Edgecumbe v. American Gen. Corp., 613 So.2d 123 (Fla. 1st DCA 1993); Freeman v. Toney, 608 So.2d 863 (Fla. 4th DCA 1992); Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla.1988); F.M.C. Corp. v. Chatman, 368 So.2d 1307 (Fla. 4th DCA), cert. denied, 379 So.2d 203 (Fla.1979); Daurelle v. Beech Aircraft Corp., 341 So.2d 204 (Fla. 4th DCA 1976), cert. denied 354 So.2d 980 (Fla.1977). Dion failed to show such contact and, thus, failed to establish good cause which would prevent dismissal of her claim.
664 So.2d at 350. The problem is that the rule of Dion only applies to non-record activity cases, i.e. cases where a plaintiff attempts to rely on non-record activity to make the required showing of "good cause" not to dismiss a case where there is no record activity for one year. Non-record activity is not, however, the only way to establish "good cause." Another basis for good cause recognized in case law is "calamity" or "disability." See, e.g., Brock v. Associates Fin., Inc., 617 So.2d 440 (Fla. 1st DCA 1993); A & W Elec. of Miami Inc. v. Abraira, 567 So.2d 36 (Fla. 3d DCA 1990); Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980). The lower court initially analogized this case to such cases and found "good cause" not to dismiss the case. On rehearing, the court withdrew this decision based on the admittedly broad language in our Dion opinion. The context of this language, however, shows its application to non-record activity cases. Cases involving a calamity or disability are, by their very nature, cases where the attorney is unlikely to have had contact with the opposing counsel and the cases recognizing this sort of "good cause" do not speak in terms of contact. Good cause does not require contact with the opposing counsel in all instances; it *659 is required, however, where non-record activity is the ground relied on to show "good cause."
The Blood Bank urges that we should nevertheless affirm the lower court's decision dismissing the case on the ground that the excuse offered in this case is insufficient as a matter of law because mere distraction and inattention caused by the threat of murder do not qualify as a "calamity" or "disability." "Good cause" is not so limited, however. If the facts show such a level of extreme emotional distress that the attorney was effectively disabled from prosecuting the case by engaging in record activity, this would constitute a "good cause" excuse for lack of prosecution. A full development of the facts is essential, however, and, in this case, the facts are not adequately developed. The affidavits filed by the Martins were filed only five days before the hearing. The Blood Bank had no reasonable opportunity to conduct discovery or otherwise develop the record for appellate review.
The dismissal order is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
ANTOON, J., and TOMBRINK, R., Associate Judge, concur.