PER CURIAM.
This cause is before us on appeal from an order of the lower court granting Appellee’s motion to dismiss Appellant’s complaint with prejudice. We reverse and remand.
The present action was filed in the Ala-chua County Circuit Court to preserve a similar lawsuit previously dismissed for lack of prosecution in the circuit court for Putnam County.[1] Appellee filed a motion to dismiss, asserting that the suit was improper and duplicitous, barred by the statute of limitations, and filed in an improper venue. The lower court granted Appellee’s motion and dismissed the suit with prejudice. Although the ■written order did not specify the reason for dismissal, the transcript of the hearing indicated that it was based on improper venue.
The lower court did not err in finding that the instant action was filed in the wrong venue. The pleadings before us show, and Appellant does not refute, that the suit should have been filed in Putnam County. The lower court did err, however, when it dismissed Appellant’s complaint with prejudice. The favored remedy for a successful challenge to venue is not dismissal, but rather transfer of the action to the proper venue. County of Volusia v. Atlantic Int’l Inv. Corp., 394 So.2d 477 (Fla. 1st DCA 1981); Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980)(quoting Foy v. State Road Dep’t, 166 So.2d 688 (Fla. 3d DCA 1964)). Accordingly, we reverse and remand with instructions for the lower court to transfer the action to the Putnam County Circuit Court.[2]
REVERSED and REMANDED.
BOOTH, JOANOS and WOLF, JJ., concur.

. At the time of this opinion, the Putnam County suit is pending on remand. See Martin v. Putnam County Blood Bank, Inc., 683 So.2d 657 (Fla. 5th DCA 1996).

. The Putnam County Circuit Court may then address whether the transferred action should be abated under the holding of Dhondy v. Schimpeler, 528 So.2d 403 (Fla. 3d DCA 1988), and, if necessary, whether the transferred action was properly filed within the statute of limitations period.