PER CURIAM.
We affirm the trial court’s order dismissing this lawsuit for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(3). The trial court’s motion, notice and judgment of dismissal relating to the failure to prosecute, was not the kind of record activity sufficient to preclude dismissal. See Norflor Construction Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 585 (Fla.1988); Chemical Bank of New York v. Polakov, 448 So.2d 1148 (Fla. 4th DCA 1984); Nelson v. Stonewall Insurance Co., 440 So.2d 664 (Fla. 1st DCA 1983); Boeing Co. v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 468 (Fla.1982). As Judge Dauksch wrote for this court in Heinz v. Watson, 615 So.2d 750, 752 (Fla. 5th DCA 1993):
We refuse to construe appropriate case management activities (trial court’s re *1158 quest for ease status report) in such a way as to give the parties leave to ignore the case for another year before dismissal is possible. Such a construction would thwart the purpose of case management and the purpose of rule 1.420(e) itself — to encourage prompt and efficient prosecution of cases and to clear court dockets of eases that have essentially been abandoned.
Indeed, if the actions described above were sufficient record activity to prevent application of the dismissal rule, the rule could never be enforced, since mere enforcement would prevent its application.
Nor did appellant establish good cause via non-record activity as to why the suit should remain pending. See Martin v. Putnam County Blood Bank, Inc., 683 So.2d 657 (Fla. 5th DCA 1996); Dion v. Bald, 664 So.2d 348 (Fla. 5th DCA 1995); Norflor.
AFFIRMED.
GRIFFIN, C.J., and W. SHARP and HARRIS, JJ., concur.