STEVENSON, J.
Appellant, Richard Doss, appeals a final judgment rendered in favor of appellee, Steger & Steger, P.A., on its breach of contract claim. Although Doss raises a multitude of issues on appeal, we find merit in only one— the propriety of the trial court’s ruling on Doss’ 1.420(e) motion to dismiss. With regard to this issue, we hold that the trial court abused its discretion in finding “good cause” and in denying Doss’ motion to dismiss.
This litigation has its basis in a 1990 contract between Doss and Steger & Steger, P.A. wherein Doss agreed to pay $10,000 as a “flat, non-refundable minimum attorney’s fee” for the firm’s representation of Doss in his claim for post conviction relief. The $10,-000 was to come from a workers’ compensation claim which Doss agreed to assign to the firm. In July of 1991, Steger & Steger filed suit against Doss for breach of contract, alleging that Doss had intercepted the proceeds of the workers’ compensation settlement (approximately $5,000) and sent them to attorney Julian Bennett. On the day that the complaint was filed, the lower court issued a writ of garnishment. Doss answered Steger & Steger’s complaint and also counterclaimed against the firm. Following Doss’ answer, Steger & Steger moved for summary judgment and, in November of 1991, the lower court granted the motion, entered judgment in favor of Steger & Steger in the amount of $10,000, and directed the garnishee (Bennett) to pay the money that it was holding on behalf of Doss to the firm. Doss appealed the summary judgment, and a prior panel of this court reversed and remanded for further proceedings. See Doss v. Steger & Steger, P.A., 613 So.2d 136 (Fla. 4th DCA 1993).
Following the remand, Doss filed a motion seeking the return of the funds that the now-reversed order of summary judgment had directed Bennett to pay to Steger & Steger. The trial court denied Doss’ motion and Doss filed a writ of prohibition with this court, which was denied. Finally, in October of 1993, Doss amended his answer and added a counterclaim, asserting that Steger & Steger had not competently represented him in the settlement of his workers’ compensation claim. On November 23, 1993, Steger & Steger filed a motion seeking to dismiss Doss’ newly added counterclaim on statute of limitations grounds. Doss responded by filing a motion to strike Steger & Steger’s motion to dismiss, alleging that the motion was “a sham.” Thereafter, nothing appears in the record until January 24, 1995, when Doss filed a 1.420(e) motion to dismiss for failure to prosecute. Because Doss failed to set the motion for hearing, a show cause order was not issued until February 26,1996. On March 11, 1996, Steger & Steger filed its written response to the show cause order. On April 9, 1996, following a hearing, the trial court rendered its order denying Doss’ 1.420(e) motion. Doss attempted to appeal that order, but this court dismissed the appeal because the order denying the motion was non-final and non-appealable.
Finally, following a number of continuances and the recusal of two trial judges, the ease was tried. Although the transcript is not part of the record on appeal, on July 11, 1997, the jury returned a verdict finding in favor of Steger & Steger on its breach of contract claim, awarding $3,028 in damages. No mention is made of the disposition of Doss’ counterclaims. Thereafter, Steger & Steger sought the award of attorney’s fees and costs and, during those proceedings, Doss was held in direct criminal contempt of court. In September of 1997, the trial court rendered its final judgment, awarding Steger & Steger $4,077.50 in fees, $557.50 in costs, $3,028 for the breach of contract, and giving Doss credit for the $5,028.48 previously received by Steger & Steger. In this consolidated appeal, Doss challenges the denial of *1139 his 1.420(e) motion, the denial of his request for the return of the funds, the jury verdict on the breach of contract claim, and the order of contempt. We affirm as to all issues save one — the denial of the 1.420(e) motion— and write to address only that issue.
Florida Rule of Civil Procedure 1.420(e) provides in relevant part:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court.... Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
A showing of “good cause” requires “some contact with the opposing party and some form of excusable conduct or occurrence which arose other than through negligence or inattention to the pleading deadline.” Palokonis v. EGR Enters., Inc., 652 So.2d 482, 483 (Fla. 5th DCA 1995) (citing Freeman v. Toney, 608 So.2d 863 (Fla. 4th DCA 1992)).
Here, it is undisputed that there was no record activity for a period of more than one year. The only question to be addressed, then, is whether the trial court abused its discretion in finding that Steger & Steger demonstrated “good cause” sufficient to preclude dismissal. We find that it did.
Steger & Steger’s written response to the show cause order stated
1. On March 16, 1993, the Honorable Scott M. Kenney denied the Defendant’s Motion for Return of Funds which had been garnished pursuant to a prejudgment writ.
2. The Defendant’s subsequent Motion for Rehearing was also denied by Judge Kenney on October 8,1993.
3. In the interim, Plaintiff has been relying on these two court orders, which have not been appealed by the Defendant and are now final.
4. It now appears that it would be in the best interests of justice for this matter to be heard on the merits due to the Defendant being pro se and due to the litigious history in this case.
Essentially, the “good cause” that Steger & Steger asserted was that since the trial judge refused to order the garnished funds returned to Doss following this court’s reversal of the summary judgment, it did not continue to press its claim. The firm did not even allege that it had contact with Doss during the more than one-year period prior to the filing of the 1.420(e) motion. Moreover, the very order which Steger & Steger alleged led it into complacency contemplated further proceedings, stating that Doss had not complied with the appropriate statutory procedures to “secure return of those funds •pending final adjudication on the merits.” Given the shortcomings of the written response, we simply cannot support the trial judge’s decision finding “good cause” and refusing to dismiss the suit. See Martinez v. Fuenmayor, M.D., 533 So.2d 935 (Fla. 3d DCA 1988) (affirming dismissal pursuant to 1.420(e) on ground that the written response to the show cause order “made no effort to excuse the lack of record activity” and “appellant’s oral argument at the hearing cannot cure this fatal defect”); Shields v. Moore, 352 So.2d 139 (Fla. 4th DCA 1977). Accordingly, we reverse the final judgment and remand the cause to the trial court with directions to dismiss the entire action for lack of prosecution and to enter such other orders as are consistent with this opinion. In so doing, we note that the parties’ claims may be refiled if the statutes of limitation have not yet run. See Southeast Mortgage Co. v. Sinclair, 632 So.2d 677, 678 (Fla. 2d DCA 1994).
REVERSED and REMANDED.
GUNTHER, J., and BAKER, MOSES, Jr., Associate Judge, concur.