776 So.2d 366 (2001)
Duane NICHOLS, et al., Appellants,
v.
Donald LOHR, et al., Appellees.
No. 5D00-94.
District Court of Appeal of Florida, Fifth District.
February 2, 2001.
Clifford A. Taylor, Bunnell, for Appellants.
Robert E. Broach and Alan K. Ragan of Marks Gray, P.A., Jacksonville, for Appellees.
PLEUS, J.
This is an appeal from a judgment of dismissal based on a finding that there was no record activity within one year and there was a failure to show good cause why the case should not be dismissed.
This case is actually the second case filed involving the same parties and subject matter. The first case was dismissed for failure to serve the defendants within 90 days.
The complaint, answer and reply to affirmative defenses were all filed in June and July of 1998. A notice of deposition was served on September 28, 1998, which was amended and re-served on October 5, 1998. However, both were filed in the original case because the plaintiff's attorney *367 inadvertently used the prior case number. A deposition was actually taken on October 22, 1998.
The court, on its own motion, on September 9, 1999, sent out a notice dismissing the case. A response to the notice was not filed by the plaintiff until October 19, 1999. A hearing was held and the judgment of dismissal was entered on November 24, 1999.
Suffice it to say the reasons advanced by the plaintiff for the delay in moving the case forward to trial were not compelling. The trial judge apparently agreed, and we will not interfere with the court's discretion in that regard.
The issue on appeal is whether the amended notice of deposition sent out on October 5, 1998, although filed in the wrong case file, constitutes record activity. We hold it does not.
The mere fact that a notice of deposition schedules the taking of a deposition for a future date does not assure the deposition will be taken. It does not result in activity in the record on the future date. Smith v. DeLoach, 556 So.2d 786 (Fla. 2d DCA), rev. denied, 564 So.2d 1087 (Fla.1990).
Appellant does not take the position that the actual taking of the deposition constitutes record activity that is designed to move a case toward trial. The mere taking of a deposition does not constitute record activity. Levine v. Kaplan, 687 So.2d 863 (Fla. 5th DCA), rev. denied, 697 So.2d 511 (Fla.1997).
At oral argument, appellant conceded that under any view of the facts no record activity took place between the filing of the reply to affirmative defenses in July of 1998, and the court's notice on September 9, 1999.
In Lavender v. Taylor, 704 So.2d 1157 (Fla. 5th DCA 1998), this court held that a trial court's notice relating to a failure to prosecute was not record activity. The court's show cause order of September 9, 1999 also does not constitute record activity.
Florida Rule of Civil Procedure 1.420(e) is perhaps a harsh rule, but all things in the temporal spectrum must have an end. The rule which determines this end is rule 1.420(e).
AFFIRMED.
W. SHARP, J., concurs specially, with opinion.
GRIFFIN, J., dissents, with opinion.
W. SHARP, J., concurring specially.
Although I concur in the result in this case, I also question the logic of Smith v. DeLoach, 556 So.2d 786 (Fla. 2d DCA), rev. denied, 564 So.2d 1087 (Fla.1990) and Levine v. Kaplan, 687 So.2d 863 (Fla. 5th DCA), rev. denied, 697 So.2d 511 (Fla. 1997). Smith and Levine hold that the taking of a deposition does not constitute record activity. Yet, the filing of a notice to take a deposition does constitute record activity. Milligan v. Osborne, 682 So.2d 706 (Fla. 5th DCA 1996).
Unfortunately for the appellants, their notice of deposition was filed in the wrong case; the first case between the parties which had been dismissed. In addition, the appellants did not assert this argument below and, in fact, agreed with the trial court that there had been no record activity in this case for over one year. But for these two factors, I would agree with Judge Griffin's dissent.
GRIFFIN, J., dissenting.
I respectfully dissent.
The case on which the majority relies for the proposition that the taking of the deposition is not sufficient record activity to prevent a dismissal for want of prosecution is Levine v. Kaplan, 687 So.2d 863 (Fla. 5th DCA), review denied, 697 So.2d *368 511 (Fla.1997).[1] I dissented in Levine v. Kaplan and subsequently the Third District Court of Appeal has disagreed with Levine, certifying conflict with the majority opinion. Hall v. Metropolitan Dade County, 760 So.2d 1051 (Fla. 3d DCA 2000), review granted, No. SC00-1647, ___ So.2d ___ (Fla. Jan.9, 2001). We should reconsider this issue en banc and recede from Levine. The notion that participation in discovery (no matter what type and no matter how much) does not prevent dismissal for want of prosecution unless the deposition or interrogatory answers are filed in the court file makes this rule even more dangerous and illogical than it already is. Among other anomalies, it means that, in a case where the pleadings are in order and the only ongoing activity is discovery (a not uncommon occurrence), whether or not the case is being timely prosecuted depends not so much on what the lawyer is doing but on how quickly the court reporter is producing the transcript to be filed. If the one-year anniversary from the last record activity is approaching, under the current case law, even if the lawyer were to file something in the nature of a "notice that I have taken a deposition and am doing my best to get it transcribed so I can file it," this would not be enough to avoid dismissal because the notice is not "record activity designed to hasten the case to conclusion." About the only thing that comes to mind that might accommodate the eccentricities of the rule would be a plaintiff's motion to hold the court reporter in contempt in order to coerce transportation. Am I the only one who thinks this is nuts?
The rule of Levine that the taking of discovery will not avoid dismissal for want of prosecution unless the discovery is actually filed within one year of the last record activity is completely inconsistent with the amendments to the discovery rules that were designed to keep discovery out of the court file until it was truly needed for some specific purpose. Hall. Which rule is the prudent lawyer to honor?
I predict the next appeal will be one where the defendant, relying on Rule of Civil Procedure 1.310 or 1.340, succeeds in having the case dismissed for want of prosecution by having the filed discovery stricken because the discovery doesn't meet the Rule's predicate test for filing: "[A] deposition may be filed ... when the contents ... must be considered by the court on any matter pending before the court." Fla. R. Civ. P. 1.310(f)(3)(A). See also Fla. R. Civ. P. 1.340(e). Or, defendant might successfully urge that filing discovery when there is no pending matter before the court is not an event "calculated to hasten the cause to conclusion," thus failing the test of "record activity." There seems to be no end to the possibilities.
NOTES
[1] Commendably, the fact that the plaintiff filed a notice for the taking of deposition under the case number of the dismissed case instead of the active one is not urged by appellee's counsel to be a basis to affirm the decision. The first filed case was dismissed on August 15, 1997 for failure to effect service within 120 days of filing the complaint. The case was refiled in June 1998, the deposition notice was served on September 28 and amended on October 5. The deposition was taken on October 22. The notices bore the number of the dismissed case but this plaintiff's error was not raised by the defendant, who instead appeared and was deposed pursuant to the defective notice. By recognizing the notice and appearing to be deposed, appellee should notand did notargue that these events were not part of the record in the pending case. Judge Sharp is correct that appellant acquiesced below in the authority of Levine v. Kaplan.