STEVENSON, J.
The instant appeal stems from the trial court’s dismissal of the plaintiffs products liability suit for failure to prosecute, pursuant to Florida Rule of Civil Procedure 1.420(e). The plaintiff argued that the approximate 13-month period of record inactivity was due to his search for a no longer manufactured and hard-to-find polo helmet which was to be used in destructive testing by his expert. The trial judge agreed that the reason for the record inactivity was legitimate, but found that since plaintiff could not demonstrate that he had contact with the opposing party during the period of record inactivity, he was obliged to dismiss. We agree and affirm the dismissal.
Florida Rule of Civil Procedure 1.420(e) provides in relevant part:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed ... unless ... a party shows good cause ... why the action should remain pending.
Thus, consideration of a motion to dismiss for lack of prosecution under the rule involves a two-step process. Initially, the movant must show that there has been no record activity during the past year preceding the motion. If there has been no record activity, the burden then shifts to the plaintiff to show good cause why the action should, nevertheless, not be dismissed. See Hall v. Metro. Dade County, 760 So.2d 1051, 1052 (Fla. 3d DCA 2000).
What constitutes “good cause” is defined not in the rule, but rather by case law. “Good cause” has repeatedly been defined as including two prongs: “ ‘[1] some contact with the opposing party and [2] some form of excusable conduct or occurrence which arose other than through negligence or inattention to the pleading deadline.’ ” Doss v. Steger & Steger, P.A., 720 So.2d 1137, 1139 (Fla. 4th DCA 1998)(quoting Palokonis v. EGR Enters., Inc., 652 So.2d 482, 483 (Fla. 5th DCA 1995))(emphasis added); see also Modellista de Europa (Corp.) v. Redpath Inv. Corp., 714 So.2d 1098, 1100 (Fla. 4th DCA)(citing Freeman v. Toney, 608 So.2d 863 (Fla. 4th DCA 1992)), review denied, 728 So.2d 203 (Fla.1998); Dion v. Bald, 664 So.2d 348, 350 (Fla. 5th DCA 1995)(citing Edgecumbe v. Am. Gen. Corp., 613 So.2d 123 (Fla. 1st DCA 1993); Freeman v. Toney, 608 So.2d 863 (Fla. 4th DCA 1992); Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla.1988); Daurelle v. Beech Aircraft Corp., 341 So.2d 204 (Fla. 4th DCA 1976), cert. denied, 354 So.2d 980 (Fla.1977)); Barton-Malow Co. v. Gorman Co. of Ocala, Inc., 558 So.2d 519, 521 (Fla. 5th DCA 1990); Togo’s Eatery of Fla., Inc. v. Frohlich, 526 So.2d 999, 1002 (Fla. 1st DCA 1988).
In the instant case, it is undisputed that there was no record activity, thus, it is only the second step of the inquiry, involving “good cause,” that is at issue. The trial judge stated that “were it not for the requirement of contact with the opposing party ... good cause not to dismiss this case has been shown.” The plaintiff acknowledges the current state of the law, but invites us to recede from the court-engrafted “contact” requirement which is not articulated in the rule. Even if we were generally persuaded to do away with the contact requirement, appellant’s case presents no compelling reasons for doing so. There was some indication in the record here that contact with the defendants may have facilitated the prompt location of *239 a duplicate helmet for destructive testing.[1] Still, in most situations, the contact requirement will at least serve the useful purpose of keeping the channels of communication open between the parties while their open case languishes in the court system for more than a year without record activity.
Accordingly, we reiterate that in order for non-record activity to preclude dismissal for failure to prosecute, there must be both “contact with the opposing party” and “some form of excusable conduct or occurrence.” The judgment of dismissal is hereby AFFIRMED.
DELL and GROSS, JJ., concur.

. To avoid dismissal, Blythe contended that he had been unable to proceed further because he needed to perform destructive testing on the helmet he had been wearing at the time of his fall; the difficulty, however, was that Blythe had only the helmet he had been wearing and a similar helmet belonging to his mother. During the dismissal hearing, counsel for the defendants represented to the judge that the plaintiffs had never even requested a duplicate helmet from them and that they had such a helmet.