791 So.2d 25 (2001)
MERRILL LYNCH PIERCE FENNER & SMITH, INC., and Thomas Ashman, Appellants,
v.
Don J. ADAMS, John Aucoin, Edward R. Bassine, Ann T. Bassine, William R. Blaikie, Thomas H. Blundell, J. Patrick Bohn, James A. Campbell. Darrell R. Caudill, William A. Cherry, Hugh W. Curfman, John C. Duncan, Michael S. Dwyer, Dick Dykes, Francis C. Elkin, Richard Fadal, Lee Feinberg, Alan S. Fogg, Mary Lou Frazier, Terry W. Grenat, Hem C. Gupta, Paul Hansen, Keith Harvie, Robert D. Hawley, Charles L. Henritzy, Curtis B. Herbert, Jr., Weldon Heddleston, Dorothy M. Hiddlestron, Les Hurrelbring, Henri V. Jova, John E. Kohan, Bobby G. Lamb, Hazeltine Lamb, Rod Lee, Pat Maloney, Jr., Lee Santa Maria, Lula Santa Maria, Dan E. Martens, Phillip W. Mccollum, Alice S. Mcturk, Ann Michael, Donald R. Mitchell, David C. Morford, Isabelle Morford, Jay Motler, Claude L. Nabers, Leon Neiman, Judith Neiman, Daniel N. Payton, III, Gerald Williams, Jean Pitts, Gary L. Platner, Suraj P. Sancheti, Sam Schenk, Arch H. Schrom, Therral Story, Ronald T. Ullenberg, Paul G. White, Robert J. Wilder, Butz Wilder, Paul A. Williams, CCT & Co., a partnership, Catherine Crebbs, as general partner of CCT & Co. and administratrix of estate of Robert W. Crebbs, Robert Stern, Gordon G. Stillwell, and Edward B. Walker III, as general partner of CCT & Co., Appellees.
No. 2D00-1867.
District Court of Appeal of Florida, Second District.
April 6, 2001.
Bennett Falk and Alexander T. Sarafoglu of Morgan, Lewis & Bockius LLP, Miami, for Appellants.
*26 Thomas R. Grady of Grady & Associates, L.P.A., Naples, for Appellees.
GREEN, Judge.
Appellants, Merrill Lynch Pierce Fenner & Smith, Inc. and Thomas Ashman, contend that the trial court erred by issuing a nonfinal order denying their motion to dismiss and sever and finding that the claims of appellees, Don J. Adams, et al., were eligible for arbitration. We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(A) and (a)(3)(C)(v).
We affirm the trial judge's order denying the appellants' motion to dismiss and denying appellants' motion to sever. We address only that portion of the trial court's order dealing with appellants' contention that appellees waived their right of arbitration by engaging in litigation.
We find the trial court's ruling was based on competent, substantial evidence and therefore affirm. Hill v. Ray Carter Auto Sales, Inc., 745 So.2d 1136, 1138 (Fla. 1st DCA 1999) (holding that waiver is a question of fact and that a trial judge will be reversed only if there is no competent, substantial evidence to support the finding).
We recognize the circumstances of this case require careful analysis to determine whether appellees were involved in litigation to the extent of waiving their right to arbitration. We have found no case law which would require a denial of appellees' right to arbitration based on their participation in discovery.
In his dissent, Acting Chief Judge Jerry Parker is primarily concerned about appellees' involvement in formal discovery. In the first instance, it is questionable whether discovery, including depositions, even constitutes record activity. See Fla. R.Civ.P. 1.420(a), (failure to prosecute a claim). See Nichols v. Lohr, 776 So.2d 366 (Fla. 5th DCA 2001); see also Levine v. Kaplan, 687 So.2d 863 (Fla. 5th DCA) (holding the mere taking of a deposition does not constitute record activity), review denied, 697 So.2d 511 (Fla.1997). Furthermore, if taking a deposition is litigation, a similar procedure is available to appellees under the arbitration code, and therefore, appellants' acts were not inconsistent with arbitration. See § 684.15, Fla. Stat. (1999).
We therefore affirm the order on appeal.
Affirmed.
STRINGER, J., concurs.
PARKER, A.C.J., concurring in part; dissenting in part.
PARKER, Acting Chief Judge, Concurring in part; dissenting in part.
I concur with the majority concerning the denial of the appellant's motion to dismiss and motion to sever. However, because I believe that the appellees waived their right to arbitrate, I dissent from the majority's decision to affirm that portion of the trial court's order.
In late 1984 the appellees invested in a private placement securities offering that was sold and underwritten exclusively by appellant Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch). Through this offering, the appellees each subscribed to purchase one or more condominium units/hotel rooms at the Registry Resort in Naples, Florida. At the time of the offering and purchase, the Registry Resort was in the development and preconstruction phase. According to the appellees' complaint, Merrill Lynch made numerous misrepresentations concerning the suitability of an investment in the Registry property for specific investors, the liquidity of an investment in the Registry property, the risks inherent in an investment in the then *27 undeveloped property, and certain aspects of the closing on the property.
Following problems with construction, all of the appellees except Terry Grenat began withholding payments under a promissory note secured by a mortgage. Then, in 1989, a small group of Registry investors filed suit against Merrill Lynch and others in the United States District Court for the Eastern District of Michigan. That action alleged counts for various securities act violations, fraud and misrepresentation, civil RICO, and breach of fiduciary duties. The plaintiffs in that case sought class action status to encompass all of the investors in the Registry, including the appellees. In 1991, the Michigan court certified a plaintiff class against several of the defendants in that action, but not against Merrill Lynch. See Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 193 F.3d 415, 419 (6th Cir.1999). The appellees were part of that class and apparently participated in the class settlement. Id.
In February 1992, the Michigan court certified a settlement class against the remaining defendants, including Merrill Lynch. Id. This class included the appellees; however, the appellees objected to the proposed settlement and opted out of the class. Id. The appellees then filed the action that is before us in the Twentieth Judicial Circuit Court of Florida in July 1992.
The appellees' complaint in the Florida court asserted claims for violations of Florida's securities laws, violations of Florida's RICO laws, violations of Florida's condominium laws, common law fraud, breach of fiduciary duties, and negligence. In paragraph 39 of their amended complaint, the appellees asserted that Merrill Lynch was a member of the National Association of Securities Dealers (NASD) and was obligated to arbitrate these claims with them. Simultaneously with the complaint, the appellees filed a motion to stay the proceedings and a motion to compel arbitration. The appellees also filed a demand for arbitration with the NASD.
Before any arbitration proceedings could begin, Merrill Lynch filed a motion in the pending Michigan class action seeking to enjoin the Florida action on the grounds that the Michigan action operated to bar the Florida action under either the doctrine of res judicata or collateral estoppel. The Michigan court granted this motion. The appellees appealed this decision to the United States Court of Appeals for the Sixth Circuit. In response to that appeal, the Florida trial court granted Merrill Lynch's motion to stay the Florida proceedings until the Sixth Circuit had resolved the case. As of the date of that order, February 10, 1993, I agree that the appellees had not waived their rights to arbitration.
After that date, however, the appellees appealed the Florida trial court's ruling on the motion to stay to this court. On April 27, 1993, before this court issued its opinion in that appeal, the appellees filed a motion in the Florida trial court to lift the stay so that they could file a second amended complaint to add defendants and claims. The trial court denied this motion on July 2, 1993, and the appellees again appealed to this court. We ultimately affirmed the order staying the proceedings. See Adams v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 633 So.2d 1074 (Fla. 2d DCA 1994). We dismissed the appeal of the denial to lift the stay. See Adams v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 626 So.2d 1371 (Fla. 2d DCA 1993).
On June 28, 1996, the appellees filed another motion in the Florida trial court to lift the stay so that they could add defendants and claims and so that they could "litigate their claims against Merrill *28 Lynch." On September 25, 1996, the appellees sent a letter to Merrill Lynch seeking informal discovery concerning current and former Merrill Lynch employees. On January 12, 1997, the Florida trial court denied the appellees' motion to lift the stay. The order specifically stated that both the arbitration proceedings and the legal proceedings were stayed until the Sixth Circuit issued its opinion and mandate was filed with the Florida court.
On September 30, 1999, the Sixth Circuit issued an en banc opinion finding that the appellees were not barred by res judicata or collateral estoppel from litigating against Merrill Lynch in Florida. Nothing in the record indicates when the mandate actually issued and when, if ever, mandate was filed with the Florida court. However, on November 23, 1999, the appellees served a formal discovery request for production of documents on Merrill Lynch. This request sought documents relating to all counts of the appellees' complaintnot just documents related to arbitration or needed to assert their arbitration rights. On January 4, 2000, the appellees filed a notice of taking deposition of the Merrill Lynch employee who had authored a document related to the merits of the appellees' claims. The document at issue did not relate to determining the arbitration rights of the appellees. Nothing in the record indicates that the appellees took any action to restart the arbitration proceedings initially instituted with the NASD in 1992 but stayed in 1993.
In early 2000 the appellees set a new hearing on their motion for leave to file a second amended complaint, motion to lift the stay, and motion to compel arbitration, which had been originally filed in 1996. Merrill Lynch filed a memorandum in opposition to this motion, contending, among other things, that the appellees' actions in continuing to litigate their case had waived their right to arbitration. The trial court held two extensive hearings on these motions. At the second hearing, counsel for the appellees argued that the assertion of the appellees' right to arbitration in the amended complaint was sufficient to preserve that right regardless of their later conduct. Counsel asserted that "we can do anything we want [concerning discovery], so long as, prior to actively participating in the lawsuit, we have made it clear that we have the right to and do demand arbitration." Following the hearings, the trial court granted the appellees' motion to compel arbitration, finding that the appellees had not acted inconsistently with their right to arbitrate their claims. I cannot agree with this finding.
Contrary to the appellees' argument, a party's actions after asserting the right to arbitration may be considered when determining whether the party has, in fact, waived its right to arbitrate. Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678, 681 (Fla.1973) (holding that a party's actions after a request for arbitration that are inconsistent with that request may constitute a waiver of the right to arbitration). See also Fla. Educ. Ass'n v. Sachs, 650 So.2d 29 (Fla.1995) (citing Klosters and holding that a trial court may determine that a party's actions after requesting arbitration may waive their right to arbitrate); Winter v. Arvida Corp., 404 So.2d 829, 830 (Fla. 3d DCA 1981) (noting that a party may waive the right to arbitrate by continuing to litigate after seeking arbitration). This is because the act of litigating is inconsistent with the asserted right to arbitration. Thus, a party that requests arbitration in its initial complaint but then proceeds to litigate its claims may very well waive its right to arbitrate regardless of the initial assertion of that right.
In this case, the appellees continued to litigate their case after initially demanding *29 arbitration. The appellees repeatedly sought to lift the stay in the trial court, appealed to this court when that request was denied, and then pursued discovery rather than arbitration when the stay was ultimately lifted. Further, the discovery sought was significant. In one discovery request alone, Merrill Lynch was required to provide over 7000 documents to the appellees.
Had the appellees sought only to restart the NASD arbitration proceedings once the stay was lifted, their right to arbitration would have been preserved. However, by choosing to participate in formal discovery, I conclude that the appellees waived their right to arbitration. I would reverse the portion of the trial court's order directing the parties to arbitration.