906 So.2d 318 (2005)
Daniel S. HAVENS and Cynthia Havens, Individually and as Husband and Wife, Appellants,
v.
Hendry CHAMBLISS, Appellee.
No. 4D04-3147.
District Court of Appeal of Florida, Fourth District.
June 15, 2005.
*319 Peter J. Sweeney, Jr. of Clem, Vocelle & Berg, LLP, Vero Beach, for appellants.
Garrison M. Dundas of Brennan, Hayskar, Walker, Schwerer, Dundas & McCain, P.A., Fort Pierce, for appellee.
STONE, J.
We affirm this dismissal for failure to prosecute. The case languished in court, without record activity, for more than one year.
The plaintiffs seek relief on the grounds that their attorney, Edwin Drake, had falsely, and repeatedly, advised them that the "case was proceeding" and that "there was `nothing to worry about'." They further state that Drake misrepresented to them that he had reached a settlement with the defendant's insurance company. Adding insult to injury, the statute of limitations has run.
The plaintiffs' new counsel advised the trial court that a bar complaint has been lodged against Drake. Notwithstanding the plaintiffs' compelling explanation, the trial court correctly recognized that the plaintiffs lacked the requisite showing of "good cause."
"`Good cause' has repeatedly been defined as requiring two prongs: [1] some contact with the opposing party and [2] some form of excusable conduct or occurrence which arose other than through negligence or inattention to the pleading deadline." Blythe v. James Lock & Co., 780 So.2d 237, 238 (Fla. 4th DCA 2001) (emphasis in original); Fla. R. Civ. P. 1.420(e). The law is clear; contact is required in showing excusable neglect. Blythe; Modellista de Europa v. Redpath Inv. Corp., 714 So.2d 1098 (Fla. 4th DCA 1998).
The rule is mandatory; "[u]nless a party can satisfy the exceptions provided for in the rule, it specifically states `shall dismiss,' and there is no discretion on the trial court's part if it is demonstrated to the trial court that no action toward prosecution has been taken within a year." CPI Mfg. Co. v. Industrias St. Jack's, 870 So.2d 89, 91 (Fla. 3d DCA 2003).
The long list of conduct unsuccessfully proffered to show good cause in this context includes: office errors, inadvertence, uncooperative plaintiffs, lengthy absences of a plaintiff, "misimpressions and erroneous assumptions" by plaintiff's attorney, misunderstandings between attorneys, busy litigants inconvenienced by their causes of action, parties in mid-negotiation without resolution, misfilings by secretaries, plaintiff's change of counsel, and prior attorney refusal to surrender files to subsequent attorney. Paedae v. Voltaggio, 472 So.2d 768, 769 (Fla. 1st DCA 1985) (citations omitted). Further, the Modellista court reasoned that "making a party *320 bear the consequence of its lawyer's fault is central to the principle of agency."
We recognize the harsh result here, but just as we concluded in F.M.C. Corp. v. Chatman, 368 So.2d 1307, 1308 (Fla. 4th DCA 1979), where the rule required dismissal and the statute of limitations had run, "[w]e have every sympathy for such a dire happening, but we are convinced that this is not the kind of good cause the rule envisages." This is because "[t]he `good cause' standard applied in failure to prosecute cases is much stricter than the `excusable neglect' standard utilized to vacate a default judgment." Paedae, 472 So.2d at 769.
We recognize that the rule, in this context, is inconsistent with the conflicting public policy that litigation should be resolved on the merits and that clients should not lose their day in court for the faults of counsel. Nevertheless, as to the application of this rule, our hands, like the trial court's, are tied.
MAY, J. and DAMOORGIAN, DORIAN, Associate Judge, concur.